[PHILADELPHIA, FEBRUARY 16, 1841.]

## LEWIS *against* WILLIAMS.

### IN ERROR.

In an action against J. W., as surviving partner of T. F., to recover a debt which was contracted by T. F., trading as T. F. & Co., in 1833, it appeared that the plaintiff sued T. F. in 1834, and that T. F. confessed judgment for the amount of the debt, and that T. F. also gave his personal bond, with a warrant of attorney to confess judgment in another state; upon which judgment was entered. *Held,* that the action against J. W. was barred notwithstanding the act of the 6th of April, 1830.

ERROR to the District Court for the City and County of Philadelphia, to remove the record of an action on the case brought by John Lewis against John J. Williams, surviving partner of Thomas Folwell.

The cause came on for trial before PETTIT, (President,) on the 30th of April, 1839. The substance of the evidence, and the points

(Lewis *v.* Williams.)

of law raised, are sufficiently stated in the charge of the learned judge, which was in substance as follows.

"This is an action of assumpsit, brought by John Lewis against John J. Williams, who was sued as surviving partner of Thomas Folwell, to recover a debt which accrued in 1833. The dealings were between the plaintiff and Thomas Folwell; and to make Williams responsible, one of the indispensable steps is to show that there was a partnership. Folwell conducted the business of the firm of Thomas Folwell & Co., merchant tailors of this city; and it is now conceded by the defendant, Williams, that he, (the defendant,) was a partner in that house. Folwell admitted an indebtedness to Lewis of $4,400; and much evidence has been given to show how that debt was created. The defendant says, however, that in point of fact there was not at the time of Folwell's death any debt due to Lewis, (and he relies on certain evidence;) and that if there was a debt due, it was Folwell's individual debt, contracted with Folwell's personal credit, and not on the credit of the firm; and, of course, that the defendant is not liable.

If there were not matters of law which conclusively rule this case, I should leave all the questions of fact to the jury, for their decision upon the whole of the evidence. The jury would find it necessary to determine what sum of money, if any, was due to the plaintiff; and if something was found due, then to decide whether it was the debt of Thomas Folwell alone, or the debt of the firm, of which this defendant, J. J. Williams, was a member.

The defendant has, however, relied upon certain legal principles, which it is my duty to notice. It is part of the plaintiff's case that Thomas Folwell, on the 9th of May, 1834, gave, by confession, a judgment in this court in an amicable . action, brought by Lewis against him, for the sum of $4,400, which sum included the sum now claimed by the plaintiff against John Williams, as surviving partner of Thomas Folwell. That suit was against Folwell alone. It is also part of the plaintiff's case that Folwell, for the same consideration, gave, and Lewis received his (Folwell's) personal bond, dated the 9th of May, 1834, with a warrant of attorney, to enter a judgment, in Delaware, against Folwell alone; and that judgment was immediately entered, in Delaware, on the bond.

It is also a part of the plaintiff's case, that on the judgment in this
     court, the plaintiff realised                 $1903,81
     and on the judgment in Delaware he realised       436,02

                                             $2339,83
And the defendant asserts, that by the judgment taken by Lewis against Folwell alone, the joint partnership liability for the money was extinguished; and that a complete bar is thus presented to the pre-
Vol. vi.—34

(Lewis *v.* Williams.)

sent suit. The defendant further asserts, that the bond given by Folwell also merged and extinguished any joint partnership liability for the same money; and that another bar is thus presented to the present claim. If the defendant is right on either of these points, he is entitled to a verdict.

It could not be disputed, that by the law, as it existed before the 6th day of April, 1830, the judgment against Folwell, taken by Lewis, for an amount including the very money now claimed, extinguished the original cause of action, and presented a bar to a subsequent action against any one whomsoever; and of course presented a bar to this suit. The law was so recognised in *Smith* v. *Black*, (9 *Serg. & Rawle*, 142.) Nor do I think there could be any well-founded doubt, that by the law as it existed before the 6th day of April, 1830, the bond given by Folwell and taken by Lewis, for a sum including the debt now claimed, even assuming it to be a partnership debt, so extinguished the debt as to preclude recovery in another suit against any one who was a partner of Folwell. The law was so stated in *U. States* v. *Astley*, (3 *Wash. C. C. Rep.* 508.) Then the question is presented, does the act of assembly of the 6th of April, 1830, (*Purd.* 49,) vary the law in a case like the present? After a careful examination of the act, my opinion is, that it has no application whatever to the facts now before us.

The mischief of the old law, which the legislature intended to remedy, has reference only to cases in which the plaintiff, at the moment of bringing his suit, knows who the partners are, and is encountered by the difficulty of serving process on all the defendants, or by the difficulty growing out of a refusal of one or more known copartners to give a judgment, when one or more of the other partners are ready to confess it.

The first case is provided for by the first section of the act, and the other is provided for by the second section. Where, however, the plaintiff does not claim against a partnership, but takes a judgment against an individual, whom he regards at the same time as his sole debtor, the act of assembly has no application whatever. If the plaintiff afterwards hears of a dormant partner, or desires to sue any other individual as a partner, he is thrown upon the general principles of the law—independent of this legislative enactment. And these general principles as stated in *Smith* v. *Black*, forbid his recovery against such a dormant partner, or any other person.

Then, as to the bond taken by Lewis from Folwell alone, for the debt now claimed, it is not embraced within either the letter or the spirit of the act of 1830; nor does the fact, that the bond was accompanied by a warrant of attorney to enter up judgment in the state of Delaware destroy its operation as an extinguishment of the original debt. If that warrant of attorney could, however, have made a difference, such effect would necessarily cease on the actual entry

of the judgment in Delaware, when the judgment itself would operate with the like conclusive effect as the judgment entered here.

Upon both these grounds of law, then, the defendant is entitled to a verdict; if the law were with him on either, it would be sufficient to defeat the plaintiff's claim. As the opinion of the court is an application of legal principles to facts which the plaintiff himself states to be part of his case, and as it controls the whole action, it relieves the jury from the necessity of an inquiry into the other facts, about which there was a contest."

To this charge the plaintiff's counsel excepted, and removed the cause to this court by writ of error.

The only error assigned was that the learned judge erred in charging the jury that the acceptance of the judgment and bond of Thomas Folwell to the plaintiff, was a bar to this suit against the other partner, Williams.

Mr. *Miles* for the plaintiff in error.

It was in consequence of the case of *Smith* v. *Black*, (9 *Serg. & Rawle*, 142,) that the act of the 6th of April, 1830, was passed. The first section authorises a second suit, after a recovery of judgment, against the other partner. The second section is a provision in our favour, enabling us to sue a dormant partner, discovered after a confession of judgment against the other. The only case on the subject is *Wallace* v. *Fairman*, (4 *Watts*, 380.) The latter part of the opinion is that the act does not apply where the first judgment is on the individual debt of the partner; but here the first judgment is for the partnership debt. The court below erred in saying that the act of assembly applied to the case of one or more known copartners refusing to give a judgment. Why should not a dormant partner be within the law? He is within the same reason as acting partners. They are liable because there was a communion of profits and losses; and justice requires the same redress to the creditor. The term "refusal" is the same as neglect, or omission to give an amicable judgment. The preamble recites that the act is passed in furtherance of justice.

Mr. *Meredith* contra.

The simple question is, whether the act of 1830 has turned all contracts of partnership, &c., into joint and several partnership. It was admitted (after some evidence below) that Williams was a partner. The act was passed to relieve first where all could not be served. The next section was for the case where one was willing to confess judgment, and the other refused; which implies that all are proceeded against, and some refuse to confess judgment, and others do not refuse. The act was not passed in consequence of the case of *Black* v. *Smith*. The principle of that case remains good; it was not the case the act provides for. The case of *Dorney* v. *Bank of Greencastle*, (13 *Serg.*

*& Rawle,* 288,) was the case which produced the law ; and that was where the suit was on a joint and several bond; one not sued; judgment obtained against the one served, and the plaintiff's claim against the other held to be lost.   Here, without reference to the other partner, the plaintiff takes a judgment bond against one.   No act or case declares that taking a bond is not an extinguishment.   The cases in 4 *Watts* and 4 *Wash. C. C. Rep.* are direct authorities.

PER CURIAM.—Nothing is clearer at the common law than that a judgment in a several action against a partner, merges the debt; and that if the statute does not help this plaintiff, the law is against him.   But the statute was intended for the case of a judgment on a joint action taken severally against one of the defendants, which is nevertheless a joint judgment.   Joint and several obligors are indeed mentioned in it; but there is no room for its application where one of them has been sued severally : the other would be liable on what is his several bond without it.   The mischief was, that defendants, in a joint action, not taken or served, were discharged by the judgment, though the plaintiff had done all he could to bring them in ; and no more was intended to be remedied.   In this case, the plaintiff chose to accept the several judgment of one of the partners; and the statute is applicable exclusively to cases, not only of joint contract, but also of joint action.

Judgment affirmed.