## Jones *against* Johnson.

A higher security for a debt given by different parties or for a different sum, will, in the absence of proof of the intention of the parties, be presumed to have been accepted only as a collateral security, and not in satisfaction of the debt.

A merger takes place only where the debt is one, and the parties to the securities are identical, which works a dissolution, not of the debt, but of the original security. Extinguishment or satisfaction of the debt, depends upon the agreement and intention of the parties, which is rightly referred to the jury as a question of fact.

ERROR to the Common Pleas of *Dauphin* county.

This was an action of *assumpsit* brought by Johnson & Smith, type-founders, residing in Philadelphia, against Jones, Morehead & Taylor, for the price of certain materials furnished for the establishment and printing of a newspaper at Harrisburg. The process was served upon Jones only, who alone appeared and made defence. The defence was put on the ground that the plaintiff had accepted a single bill from Morehead & Taylor, and two sureties for their claim, and had sued and recovered judgment against both Morehead & Taylor upon the single bill, and that therefore their claim was extinguished.

The plaintiffs gave in evidence their original books of account, wherein the defendants were charged with the materials furnished to the amount of $931.14, from the 15th of July to the 7th of August 1839. The ledger also showed this entry—" 1839, July 23, by note at six months drawn by him (J. W. Morehead) and three others $912.78" — which exceeded the amount of the materials which had been furnished at that date. The account appeared closed in the book, and a balance struck due the plaintiffs of $18.36.

The defendants then gave in evidence the joint and several sealed note (produced by the plaintiff on notice) of J. W. Morehead, John Taylor, John A. Fisher, and Joel Bailey; and also two judgments obtained on it against John Taylor and J. W. Morehead.

The court below (Blythe, President) thus charged the jury :—

" The defence set up is, that the plaintiffs received on the 23d of July 1839, the single bill of J. W. Morehead, John Taylor, John A. Fisher, and Joel Bailey, in satisfaction of $912.78 of the plaintiffs' claim. The plaintiffs contend this single bill was received as collateral security only. The court submits to the jury as a question of fact, whether the single bill in question was accepted by plaintiffs as satisfaction *pro tanto,* or only as collateral security. If accepted in satisfaction, plaintiffs can only recover the

[Jones v. Johnson.]

balance of their account after deducting the amount of the single bill; if received as collateral security, it is no bar to plaintiffs recovering from defendant the entire amount of their bill.

Errors assigned:

1. The court erred in submitting it " to the jury as a question of fact whether the single bill in question was accepted by plaintiffs as satisfaction *pro tanto,* or only as collateral security.

2. There was no evidence in the case to warrant the jury in finding that the single bill had been accepted by the plaintiffs as collateral security, and therefore the court erred in submitting the question to them.

*M'Cormick,* for plaintiff in error, argued that the entry in the books of the plaintiffs was material to show that the debt was extinguished and the account closed. The plaintiffs' claim was founded upon a book account, and the evidence in support of it showed the debt paid. 1 *Watts & Serg.* 334; 9 *Serg. & Rawle* 142; 2 *Johns.* 213; 6 *Whart.* 267; 4 *Watts* 378.

*Fisher, contra.* If a third person joins in a security for a debt, it is presumed to be a collateral security. 1 *Mass.* 504; 3 *Bac. Ab. Title Extinguishment D*; 2 *Leon* 110; 5 *Mass.* 24; 4 *Watts* 379; 10 *Serg. & Rawle* 307; 14 *Johns.* 404; 1 *Serg. & Rawle* 294; 11 *Serg. & Rawle* 149; 5 *Wend.* 85, 490; 5 *Whart.* 530.

The opinion of the Court was delivered by

GIBSON, C. J.—There is a substantial distinction, which I have not seen particularly noticed, between cases of extinguishment by merger of the security, and cases of extinguishment by satisfaction of the debt. These classes, though depending on different principles, have usually been confounded; and hence a perceptible want of precision in the language of those who have written or spoken of them. In the first of them, the original security is extinguished, but the debt remains: in the second, the debt, as well as the security, is extinguished by the acceptance of another debt in payment of it. Extinguishment by merger takes place between debts of different degrees, the lower being lost in the higher; and, being by act of the law, it is dependent on no particular intention; extinguishment by satisfaction takes place indifferently between securities of the same degree or of different degrees; and being by act of the parties, it is the creature of their will. No expression of intention would control the law which prohibits distinct securities of different degrees for the same debt; for no agreement would prevent an obligation from merging in a judgment on it, or passing *in rem judicatam.* Neither would an agreement, however explicit, prevent a promissory note from merging in a bond given for the same debt by the same debtor; for to allow a debt to be, at the same time, of different degrees, and recover-

able by a multiplicity of inconsistent remedies, would increase litigation, unsettle distinctions, and lead to embarrassment in the limitation of actions and the distribution of assets. But as the existence of a promissory note as a concurrent security for a book debt, produces no such consequences, it operates no extinguishment by act of the law; and it depends on the assent of the parties, tacit or explicit, whether the new evidence of the debt is accepted in discharge of the old one. It is true there are presumptions which operate even in cases of intention as *primâ facie* evidence on the one side or the other; for instance, that a bond given by a stranger after the debt incurred, was accepted as collateral security. These, however, are legal presumptions of mere fact, to be drawn by the jury under the direction of the court; and not, as in merger, *presumptiones juris et de jure*, which are so absolute that they cannot be rebutted.

But merger takes place only where the debt is one, and the parties to the securities are identical. Hence there is no extinguishment where a stranger gives bond for a simple contract debt, or confesses a judgment for a debt by specialty. In either case, the original debt may be extinguished by the subsequent one; but not by merger, which works a dissolution, not of the debt, but of the original security, whose existence sinks into that of the succeeding one; and for that purpose, the union must be so intimate that the one cannot be separated from the other. In a case of merger, therefore, the debt is the same, though the old evidence of it melts into the new one, and the creditor merely gains a higher security without having an indivisible debt of different degrees; but such a result is not obtained where the debt is compounded of new responsibilities, as it must be where all the parties were not originally bound. Where the debtor is bound with a stranger, or for a different sum, his responsibility is changed in more respects than the quality of the security. The difference, on the whole, consists in this, that in a case of merger, there is a change only of the security; but in a case of satisfaction by substitution, there is a change of the debt.

Thus the matter stands on principles uncontradicted by authority; to which the case in *Viner's Abridgment*, (*Extinguishment B.* 8), is not an exception. There cannot be a doubt that the acceptance of a statute from one of two joint *debtors* would discharge the other, though there is actually no such case reported; for a judgment against one of two joint obligors would discharge the bond, because the debt recovered would be the same. Such is the principle of *Lewis* v. *Williams*, (6 *Whart.* 264), *Anderson* v. *Levan*, (1 *Watts & Serg.* 334), and other decisions in the American States, the propriety of which was doubted, however, by Mr Justice Story in *The United States* v. *Lyman*, (1 *Mason* 505), who said that, after all, such a case presented no more than a question of intention. But a judgment against defendants, improperly joined as

[Jones v. Johnson.]

obligors, would draw a debt from a quarter where none was owing before; and if it would not merge the bond on which the plaintiff professed to found it, why should the bond of sureties not parties to the original bargain, merge a simple contract? It surely can make no difference that some of the original debtors are joined with the sureties, when the consideration is a new one. In *Hooper's Case*, (2 *Leon.* 100), which, by the way, is law at this day, it was affirmed that the obligation of a stranger bound *after* the contract, does not merge it, but that the obligation of a stranger bound *on* the contract, may do so; and a *dictum* said to be contained in *Pudsey's Case* was quoted, that the obligation of a bystander subsequently given in pursuance of a promise that he would do so, would merge the simple contract, because it would be pursuant to the bargain. Could there be a more pointed assertion that to constitute a case of merger, all the obligors must originally have been parties? This distinction between merger and satisfaction was doubtless in the view of Lord Ellenborough in *Drake* v. *Mitchell*, (3 *East* 259), when he said: "If indeed one who is indebted on simple contract, give a bond or have judgment entered against him on it, the simple contract is *merged* in the higher security; so one may *agree* to accept of a different security in *satisfaction* of his debt." In this, the difference between merger and satisfaction is distinctly intimated and accurately stated.

The case before us, then, involved not a question of merger by operation of law, which alone would be proper for the court's positive direction, but a question of satisfaction dependent upon the intention of the parties; and the court, therefore, committed no error in submitting it as a question of fact to the jury. This disposes of the principal exception. But there are, as I have said, legal presumptions of intention; and had there been a prayer for direction on that head, the court would have been bound to give it, but not, in this instance, favourably to the plaintiffs in error. It is unnecessary to go into a particular examination of the authorities for this, as the occasion does not call for it; but the result of them seems to be that a higher security between different parties, or for a different sum, will be presumed, in the first instance, to have been accepted only as a collateral security. This single bill was given by one of the three original debtors with two sureties, and for more than was due at the date of it; so that it could be taken for payment of the original debt only on proof that it was so accepted. That there was such proof, is not pretended. Indeed the remaining exception is that the Judge left the question of intention to the jury without any evidence whatever; but in doing so, he left it on terms even too favourable to the exceptors; for the presumption of fact which arose from the circumstances, was decisively against them.

Judgment affirmed.