## Eby *versus* Hoopes.

1. Whether an assignment of securities by a debtor to a creditor is in payment or as collateral security is a question of intention depending upon the testimony.

2. In the absence of evidence tending to show an intention to pay and receive the securities assigned as satisfaction of the debt, in whole or in part, the law presumes that they were assigned only as collateral.

3. The duty of establishing that they were assigned in payment rests upon the debtor.

4. If he fails to perform this duty the law makes a positive inference that the assignment is only as collateral security, and that inference is substantial evidence upon which the creditor may rely.

5. That the assignment is absolute in form is of no consequence on the question of intention.

6. Nor is the legal effect of the assignment dependent upon the relations which may subsist between the parties, whether husband and wife, parent and child, or strangers.

7. In an action against a husband by the executor of the wife for money loaned, an assignment of a judgment and mortgage by the husband for the benefit of the wife was proven. The judge charged the jury, "when an absolute assignment is made by a husband to a wife of a judgment or mortgage there is no presumption of law that it or they are assigned as collateral security, independent of proof that they were so accepted." He further charged that the Court had no knowledge of evidence that the assignment was as collateral; "but that the evidence in the case is for the jury, and whether there is such evidence is for the jury to determine." *Held,* that it was error.

ERROR to the Court of Common Pleas of *Lancaster County.*

Action of assumpsit by Simon P. Eby, executor of the last will and testament of Elizabeth K. Hoopes, deceased, against William B. Hoopes, the husband of the decedent. Mrs. Hoopes had received from the estate of her father, chiefly in April, 1868, the sum of $6403.92, and from the estate of her mother $400 or $500. Of the money received in April, 1868, she loaned her husband $3000, and took from him a judgment bond for the amount, payable with interest. This bond was never entered up. On the 11th of April, 1874, she received a check for $2500 from a third party to whom she had loaned that sum, and this check she indorsed and her husband deposited it to his own credit in bank. Defendant testified that $700 of this latter amount belonged to him. On the 31st of March, 1874, defendant took a judgment bond against Mordecai Markwood for $1800, and judgment was entered of record April 29th, 1874, for the use of the testatrix. On the 12th of May, 1873, the defendant took a bond and mortgage against David H. Lewis and wife for $1850. He assigned these securities to Samuel H. Hoopes by writing indorsed, and the latter in the same way assigned them to the testatrix. Upon the Markwood judgment the executor realized $1163.55, and on the Lewis mortgage $952.73. Defendant had also transferred to the

[Eby *v.* Hoopes.]

testatrix in her lifetime bank stock to the value of $1016. The main question at issue was whether the Markwood judgment and the Lewis mortgage had been assigned in payment or as collateral security.

The counsel for defendant asked the Court to charge, *inter alia :*

" 3. That when an absolute assignment is made by a husband to a wife of a judgment or a mortgage there is no presumption of law that it is assigned as collateral security.

" 4. That there is no evidence that either the Lewis mortgage or the Markwood judgment was assigned as collateral."

The Court, PATTERSON, J., charged upon the third point:

" The Court answer that the rule of law is that a higher security between different parties and for a different sum will be presumed in the first instance to have been accepted only as collateral security. If one who is indebted on simple contract gives a bond or has a judgment entered against him for it, the simple contract is merged in the higher security, and any one may agree to accept of a different security in satisfaction of his or her debt. When an absolute assignment is made by a husband to a wife of a judgment or mortgage, there is no presumption of law that it or they are assigned as collateral security, independent of proof that they were so accepted."

Upon the fourth point the Court charged:

" The Court answer, that they have no knowledge of such evidence, but that the evidence in the case is for the jury, and whether there is such evidence is for the jury to determine."

The verdict was for the plaintiff for $200.

Plaintiff took a writ of error assigning as error the answers to the above points.

*H. M. North* and *R. E. Monaghan,* for plaintiff in error.

The aid of the Court was invoked to charge that the assignments were not presumed to be collateral. In this it erred: Leas *v.* James, 10 S. & R., 315 ; Perit *v.* Pittfield, 5 Rawle, 171 ; Stone *v.* Miller, 4 Harris, 456 ; Jones *v.* Johnson, 3 W. & S., 278 ; Covely *v.* Fox, 1 Jones, 174.

The effect of the charge was to relieve the defendant from the burden of proof of payment, and to substitute therefor a presumption of payment to the extent of the assigned securities.

*M. Brosius* and *William M. Hayes,* for defendant in error.

The authorities cited by plaintiff sustain the judge in his

charge that it is a question of intention, and upon which intention the jury must pass judgment and decide. If they conclude that the assignment is absolute, as they did in this case, then, as the judge says, " there is no presumption of law that it or they are assigned as collateral security."

The opinion of the Court was delivered by GREEN, J.

The learned judge of the Court below in his general charge correctly stated the law relative to the assignment of securities by a debtor to a creditor. Whether such assignment is in payment or as collateral security is certainly a question of intention depending upon the testimony in the particular case. In the absence of evidence tending to show an intention to pay and receive the securities assigned as satisfaction of the debt, in whole or in part, the law presumes that they were assigned only as collateral. The duty of establishing the contrary is affirmative, and it rests upon the debtor. If he fails to perform this duty the law makes a positive inference that the assignment is only as collateral security, and that inference is substantial evidence upon which the creditor may rely.

The circumstance that the assignment of the security is absolute in form is of no consequence on the question of intention, because the assignment simply operates to transfer the title. Nor is the legal effect of the assignment dependent upon other relations which may subsist between the parties. Whether they be husband and wife, or parent and child, or strangers in blood, can make no difference when the one relation of debtor and creditor is under consideration, and there are no special circumstances affecting the case. In Leau *v.* James, 10 S. & R., 315, this Court said, TILGHMAN, C. J.: " When the defendants set up the assignment of the bonds as a payment, it is incumbent on them to prove that it was so intended. The writing itself shows no such thing, and in case where a chose in action is assigned by the debtor to the creditor, I think the presumption is that it was not intended as an absolute payment unless it is so expressed. The reason of this presumption is that such assignment is not in its nature a payment. It puts no money in the hands of the creditor, but only gives him the means of collecting money from another."

We said, in the case of Perit *v.* Pittfield, 5 Rawle, 171 : " The general principle is that property placed by the debtor in the hands of the creditor is not to be construed as received in full discharge of the debt, unless that plainly appears to have been the intention of the parties."

In Jones *v.* Johnson, 3 W. & S., 278, GIBSON, C. J., said:

[Eby *v.* Hoopes.]

" There are presumptions which operate even in cases of intention as *prima facie* evidence on the one side or the other; for instance, that a bond given by a stranger, after the debt incurred, was accepted as collateral security." The learned judge of the Court below, in his answer to the defendant's third point, said: " When an absolute assignment is made by a husband to a wife of a judgment or mortgage, there is no presumption of law that it or they are assigned as collateral security independent of proof that they were so accepted." As an abstract proposition, independent of any relation of debtor and creditor existing between the husband and wife, this is true; but it is said in an action at law where that relation does exist, and the husband, who is the debtor, is seeking to have an inference of payment affixed to a mere transfer of a security by himself to his wife because it was absolute in form. When said in such a connection and between parties so circumstanced, it tended to mislead the jury, and was therefore erroneous.

This is still more apparent when we consider the answer to the defendant's fourth point, which was, " That there is no evidence that either the Lewis mortgage or the Markwood judgment was assigned as collateral;" to which the Court answered, " that they have no knowledge of such evidence; but that the evidence in the case is for the jury, and whether there is such evidence is for the jury to determine." This answer entirely ignores the force of the legal presumption, which is in itself evidence the securities in question were assigned as collateral. This evidence there was in the case, and the Court should have so said to the jury instead of leaving it to them to say whether there was any such evidence.

Upon these two answers the jury were at liberty to infer that, unless there was affirmative evidence on the part of the plaintiff showing that the mortgage and bond were taken as collateral only, they were really taken as payment. This would shift the burden of proof from the debtor to the creditor, who requires no proof, having already a legal presumption which, in itself, was evidence that the assignment was as collateral and not as payment. For these reasons the judgment must be reversed.

Judgment reversed, and *venire de novo* awarded.