# Blackstock *versus* Leidy.

1. A witness when called was sworn on his *voir dire*, and stated a fact from which it appeared that he was incompetent from interest; yet, on cross-examination by the party calling him, it appeared that he had no interest in the case. It was *held*, that all he said must be taken together, and that he was a competent witness.

2. A specific objection was made to the receipt of evidence, and the offer was withdrawn. The offer was repeated, and a *general objection* was made. It was *held*, that it was to be presumed that both objections were on the same ground, as the contrary did not appear. *General objections* to evidence are not to be encouraged.

3. A rule of Court requiring "*a copy* of the plaintiff's book of original entry" to be filed, a transcript was filed, accompanied by an affidavit stating it to be an accurate transcript from the books of the firm; but there being no affidavit by the defendants, as the rule of Court required, that the defendants had no such dealing with the plaintiff as stated in the account filed, or that they believe that the production of the plaintiff's book of original entries on the trial is necessary, the parties will be considered in the condition in which they would have been if the plaintiff's books had been proven by legal evidence.

4. The delivery of goods for the use of a steamboat was proved by evidence from the plaintiff's book of original entries. When it was afterwards proved that the defendants were *the owners* of the boat, a presumption arose that the boat was navigated for *their* benefit and at *their* charge, there being no evidence that it was chartered by or in the employment *of any other person.*

5. Where one of several defendants has not pleaded, it is *irregular* to try the issue between the plaintiff and the other defendants, and at the same time

[Blackstock *v.* Leidy.]

assess the damages against him who has not pleaded, without first taking judgment against the latter. But, if the irregularity were not objected to at the time it occurred, the case will not be reversed for such irregularity.

ERROR to the District Court of *Allegheny county.*

This was an action on the case in *assumpsit,* brought by Leidy, Baird & Cassilly, against John M'D. Blackstock, Robert M. Hunter, and William A. Hill, as owners of the steamboat Lydia Collins, to recover the value of certain stores, consisting of groceries, &c., alleged to have been furnished by plaintiffs for the use of the said boat. The writ was returned N. E. I. *as to Hunter,* and the declaration was filed against the other defendants, comprising the common counts in assumpsit for goods sold and delivered, &c.

The defendant, Hill, filed a general affidavit of defence to the whole claim within the period required by the rules of Court; and afterwards, to wit, on the 28th of August, 1851, a supplementary affidavit, to the effect that he was not then, nor ever had been, a partner in the steamboat Lydia Collins; but that the owners were John M'D. Blackstock and Robert M. Hunter; and that William P. Beck was only a nominal owner to the best of his knowledge and belief.

He also put in at the same time the pleas of *non assumpsit,* payment, set-off, with leave to add, alter, or amend.

The names of counsel were marked on the margin of the appearance docket as counsel for Blackstock; but no plea appears to have been put in by him, nor any interlocutory judgment taken against him.

The jury was, however, sworn to try the issue between the plaintiffs and William A. Hill, and also to inquire of the damages as to Blackstock.

The plaintiff filed with his *præcipe* a bill of particulars of his claim, amounting to $544.21, extending from November 25th, 1849, till April 25th, 1850, headed "Steamer Lydia Collins," as debtor, and verified by affidavit, declaring that the above statement contains a just, true, and accurate account of the indebtedness of the steamer Lydia Collins; that the various articles therein mentioned were sold to said steamer, for the prices, and at the dates respectively given; that said account *is an accurate transcript from the books of said firm;* that there is now due, wholly unpaid and unsecured from said steamer to said firm (viz. of Leidy and others), the sum of five hundred and forty-four dollars and twenty-one cents—$544.21.

The plaintiffs offered in evidence upon the trial the said bill of particulars verified as aforesaid.

The *defendant* referred to the affidavit of Hill that he was not a partner, and alleged that it must be first shown *that he was a partner.*

The plaintiff then called William P. Beck, who, being first sworn

[Blackstock *v.* Leidy.]

on his *voir dire*, testified : " Hunter executed a deed of conveyance to me for part of this boat. It is registered in the Custom House, made before the month of November, 1849."

*Cross-examined.*—" I had no interest in my own right; the assignment to me not made for my benefit. I never claimed any interest under it. I have no interest in this suit. The transfer was made to me at the instance of ———."

The defendant then objected to the witness on the ground of interest. The Court overruled the objection, and directed the witness to be sworn in chief,

He testified that he was clerk of Hill at the time of receiving the bill of sale of one-eighth of the boat, and took it at the instance of Hill; that he, the witness, did not pay any money for it.

The bill of particulars was claimed to be admissible under the following rule of the District Court:

" Rule III. In all actions of debt or assumpsit for goods sold and delivered, or other demand which may be proved by books of original entry, if the plaintiff shall file with his declaration a sworn copy of his account, *as taken from his original books of entry*, the same shall be admitted as evidence, unless that the defendant, by his affidavit, shall state that he had no such dealings with plaintiff as those stated in the account filed, or that he verily believes that the production of plaintiff's book of original entries, on the trial of the cause, is necessary to a just decision of it."

On the trial the defendant's counsel proposed six points, most of which may be inferred from the charge. The *fourth* was as follows:

That the goods claimed to have been sold to the defendants in this case, being shown to have been charged to the steamboat Lydia Collins, and not to the owners, without other evidence of the sale than the entry so made, the plaintiffs have exhibited no case which will entitle them to recover in this action.

Forward, J., charged as follows:

" Answer to defendant's 1st point.—In the absence of any evidence to the contrary, the presumption of law is that the boat in question was navigated for the benefit, and at the charge of those who were the owners. The proprietors of ships are not, in strictness, *partners*, *but part owners;* but, as before remarked, the use of the common property results, *prima facie*, to the common benefit, and involves a common liability for supplies.

" 2d. It is the opinion of the Court that under the rules of this Court, taken in connection with the affidavit of plaintiff and that of defendant, filed of record, the account filed in this case has been legally verified as against the defendants, provided the jury believe that the defendants were the owners of the boat at the time the supplies mentioned in plaintiffs' account were furnished.

[Blackstock *v.* Leidy.]

" 3d. The answer to this question is found in the reply to defendants' second question. But for the rules of Court adverted to, by which the necessity of the proof claimed in this point to be required for the maintenance of plaintiffs' suit is regarded *as waived,* the position stated would be undeniable. Under those rules, the proof of the facts stated was not necessary upon the trial of this cause.

" 4th. This point, for the reasons already assigned, is answered in the negative.

" 5th. The Act of the Legislature of Ohio has been read, and must be taken as embodied in this point of defendants' counsel. It enables the creditor who has furnished supplies to charge the boat or the owners. For the reasons already assigned, Hill, if shown to have been an owner when the goods were furnished to the boat, is liable in common with his copartners.

" 6th. William Beck, when called as a witness by plaintiffs' counsel, was, at the instance of defendants' counsel, examined on his *voir dire.* The fact *of a bill of sale made by Hunter to him,* and of a registry in the custom house, naming him as a part owner, was stated by the witness, in answer to the question of defendants' counsel, whether such an assignment had been made to him, and whether the registry mentioned had been made.

" The defendants' counsel having extracted this testimony from the witness, the Court permitted the plaintiffs' counsel to inquire into the purpose for which the assignment had been made, and who had made the registry. The witness stated that he had no interest in the suit; that the assignment to him had been procured by Hill, from whom the consideration moved; that he was a mere trustee for Hill, who had purchased the share in the boat, which was mentioned in the assignment.

" Defendants' counsel excepted to the above charge of the Court."

The jury rendered a verdict for the plaintiffs for $580.83.

Errors were assigned as follows: 1. In swearing the jury to try only as to Hill, when there was no interlocutory judgment as to his co-defendant, Blackstock.

2. In overruling the objection to the competency of the witness, Beck, on the ground of interest.

3. In admitting in evidence the bill of particulars filed by the plaintiffs.

4. In their answers to the six several propositions submitted by the counsel for the defendants.

*Williams,* with whom was *Cochran* and *Shaler,* for plaintiffs in error.

*Magraw* and *Hepburn,* for defendants.

The opinion of the Court was delivered, October 7, by

[Blackstock *v.* Leidy.]

BLACK, C. J.—The witness objected to on the score of interest was competent beyond a doubt. When called by the plaintiffs, the defendants, to sustain their objection, swore him on his *voir dire*, and the fact which they extracted from him would have rendered him incompetent without a further explanation. But the party who called him took up the examination, and in reply to *their* inquiries he stated what showed that he had no interest. All he said must be taken together. The points decided in Thomas *v.* Brady (10 *Barr* 167), and in Griffith *v.* Reford (1 *Rawle* 196), bear no resemblance to this, or at any rate very little.

The plaintiff offered in evidence a copy of their account against the steamer as taken from the books, sworn to by their clerk, and filed in Court according to the rule. This was objected to on the ground that the charges were against the vessel, and Hill was not proved to be a partner. It was withdrawn; evidence was given that Hill was one of the owners, and then the account was offered anew, when a general objection was made without specifying the ground. We are now asked to reverse the judgment, because the affidavit states it to be "an accurate transcript from the books of the firm," and not, as the rule requires, "a copy taken from the plaintiffs' books of original entry." This would have been fatal to the judgment if the objection had been rested on that specific point at the trial. But where a party gives his reason for opposing the admission of evidence, and has it put on the record, he cannot urge a different reason here; and where the same evidence is offered twice, and twice objected to, it must be presumed that both objections are upon the same ground unless the contrary appears. General objections may cause the reversal of a judgment for errors which the Court below did not commit, and are therefore to be discouraged. Counsel may expect them to be entertained, when they come here, with some marks of dislike.

The account being before the jury agreeably to the rule of Court, and no counter affidavit, such as the rule requires, having been filed by the defendant, the parties were precisely in the condition they would have been in if the plaintiffs had proved their books of original entry by legal evidence and read *them* to the jury. The books would have been *primâ facie* evidence of the sale and delivery of the goods for the use of the boat, at the prices charged.

Having thus proved the furnishing of supplies to the vessel, it only remained to show that the defendants were liable for them. This was done by evidence that the defendants were owners, which raised a presumption that the steamer was navigated for their benefit and at their charge. Such seems to be the almost universally received opinion of the law: *Abbott on Shipping* 177; *Collyer on Part.* 631, 686, and assuredly so it ought to be on principle; for if the vessel was chartered by, and in the employment of any-

body else at the time the supplies were furnished, the owners could prove it without difficulty.

It was irregular to swear the jury to try the issue between the plaintiffs and Hill, and at the same time to assess the damages against Blackstock, who had not pleaded, without first taking judgment against the latter. But it would be scandalous to reverse for a mere technical error which did nobody any harm, which the party who complains of it might have corrected with a single word, and which was as probably caused by his own oversight as by anything else. No exception to a mere irregularity can be sustained unless it was objected to at the time it occurred.

Judgment affirmed.