## Myers *versus* Nell *et al.*

1. Two of the three makers of a note consented to a material alteration thereof after its execution. Judgment by default was obtained against the non-consenting maker. In a suit by the holder of the note against the consenting parties, *Held*, that evidence of their consent to the alteration was admissible, provided the holder had no knowledge of the want of consent of the third maker.

2. To show that the note as altered was what it should have been originally it was competent to prove a declaration made by the non-consenting maker that if the note had been properly drawn at first there would have been no trouble.

3. Suit was originally brought against the three makers on the joint note. One only was served, against whom judgment by default was obtained. Subsequently the plaintiff issued an alias and pluries summons in the same suit against the other defendants, who appeared and made defence. *Held*, that these proceedings were irregular as the Act of 1830 does not contemplate a continuance of the original suit against the defendants on whom the original process had not been served.

May 23d 1877. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ.

Error to the Court of Common Pleas of *Adams county:* Of May Term 1877, No. 13.

Debt by Moses Myers against the makers of the following note:

" $266.                                        May 13th 1872.

" Ten months after date we promise to pay to the order of Moses Myers, two hundred and sixty-six dollars, without defalcation, for

3 NORRIS—24

value received, with interest from date, and without relief from the
Homestead Exemption Law.

WILLIAM NELL.  [SEAL.]
JACOB NELL.  [SEAL.]
HENRY NELL.  [SEAL.]"

When the suit was brought, service was had upon William Nell
only, as Jacob and Henry could not be found; and after a *narr.*
filed, judgment was taken against William by default, for want
of an appearance, for the amount of the note, with interest from
date.

Subsequently an alias and pluries summons in the original action
were issued, and the latter served upon Jacob and Henry Nell, who
thereupon made defence, and a trial resulted in a verdict for plain-
tiff. A new trial was granted, and the plaintiff, who had in his
original *narr.* declared upon the note for the principal with interest
from date, then filed an additional count declaring for the principal
without interest, except from the maturity of the note.

On the trial before McClean, P. J., the note being offered in
evidence, the defendants objected, for the reason that it had mate-
rial alterations on the face of it, and the court sustained the objec-
tion because this manifest alteration was unexplained.

The plaintiff then testified that the note had been received by
him through the mail, and was in the same condition as when
received by him. The note, under exception, was then admitted.

Plaintiff then made the following offer:—

" To prove a meeting of plaintiff and defendants in Bragtown,
in the spring of 1872, at which the plaintiff was requested to
release his judgment (against Kapp) from the property which
William Nell had purchased, and that he should take a judgment-
note upon Leander Ebersole for a portion of it, and a note from
the defendants for the residue, and that he, Myers, should accept
the note of the defendants in place of and to satisfy his judgment;
to be followed by evidence that William Nell accompanied Myers
to Elias Bushey's, and left him there, saying he would get such a
note ; that he procured Squire Ebersole to prepare the note, stating
that he should include in it the amount of the judgment—that is,
its principal, $250, and the interest thereon accrued from 1st April
1871 up to time of drawing note—the note to be paid before the
1st of April following, and therefore to be drawn at ten months ;
that William Nell took the note, and returned with it signed by
the defendants, and handed it to Elias Bushey, the agent of Kapp,
to take with him and go to Moses Myers to get him to take it and
release his judgment; that upon the note being offered to Myers
he looked at it, stated it was not drawn with interest, that it ought
to be drawn with interest from date, and refused to take it without,
but said if they would consent to make it with interest he would

[Myers v. Nell.]

take it and release his judgment; he then returned home into York county; that Elias Bushey went with the note to Jacob Nell and Henry Nell, and they mutually consented that the words 'with interest' should be inserted, and thereupon Elias Bushey inserted the words 'with interest from date,' and enclosed and sent the note by mail to Moses Myers."

Objected to as irrelevant, being as to matter of consideration and not admissible, because assent of William Nell is not offered to be shown to the insertion of the words.

Evidence rejected, and exception by plaintiff.

Plaintiff also offered, in connection with the above, to prove that William Nell said to Henry Harbold, since the last trial of the case, that "if Ebersole had drawn the note right, there would have been none of this fuss."

Objection, evidence rejected, and exception by plaintiff.

The court instructed the jury to find for the defendants, for the reason that the note, being a joint obligation, the assent of *all* the obligors to the alteration must be shown.

The verdict was for the defendants, and plaintiff took this writ assigning the rejection of the foregoing evidence and the instruction of the court for error.

*D. McConaughy*, for plaintiff in error.—There are many cases in which the alteration of a note or writing without fraudulent intent has been treated as merely accidental spoliation, and therefore held not to affect the plaintiff: Henfree v. Bromley, 6 East 309; Raper v. Birbeck, 15 Id. 17; Cutts v. U. States, 1 Gall. 69; U. States v. Spalding, 2 Mason 478; Marshall v. Gougler, 10 S. & R. 164; Rees v. Overbaugh, 6 Cowen 746; Lewis v. Payn, 8 Id. 71; Jackson v. Malin, 15 Johns. 297.

In Worrall v. Gheen, 3 Wright 388, where the maker of a note afterwards altered it to a larger amount, it was held that the holder was entitled to the *true amount* of the note against the endorser. In Byles on Bills 310, note 1, the doctrine is laid down that an alteration by a stranger, though material, will not render the instrument inoperative, and numerous American authorities sustain this principle: Nichols v. Johnson, 10 Conn. 172; Medlin v. Platte County, 8 Mo. 235; Lubbering v. Kohlbrecher, 22 Id. 596; Ford v. Ford, 17 Pick. 418; Davis v. Carlisle, 7 Ala. 707; Waring v. Smyth, 2 Barb. Ch. 119; Lee v. Alexander, 9 B. Monroe 25.

The evidence offered was to show that the note was not altered with any fraudulent intent or with the knowledge of plaintiff.

*R. G. McCreary*, for defendants in error.—The plaintiff having sued and declared upon a joint contract against three obligors, could not recover without proof of a joint contract binding all the defendants, and this notwithstanding the fact that one of the defendants

(William Nell) had suffered judgment to be entered by default against him: 1 Chitty's Pleading 44, 45; Shirreff *v.* Wilks, 1 East 52; Hannery *v.* Smith, 3 Term R. 662; Gray *v.* Palmer, 1 Esp. 135; Hickman *v.* Anderson, 2 Dana 223; Kimmel *v.* Shultz, Breese 128.

The alteration was material and avoided the note, and the result does not depend in any wise upon the motive with which it was done: Miller *v.* Gilleland, 7 Harris 119; Getty *v.* Shearer, 8 Id. 12; Marshall *v.* Gougler, 10 S. & R. 168–9; Moore *v.* Bickham & Wert, 4 Binn. 1.

Mr. Justice STERRETT delivered the opinion of the court, June 26th 1877.

Suit was originally brought against the three makers, on their joint note, payable to the order of the plaintiff. The summons was served on William Nell, the principal in the note, and judgment was entered against him by default for the full amount of the plaintiff's claim. The two sureties were not served. The judgment against William was conclusive as to him, and while it remained unreversed he was not in a position to controvert his liability either as against the plaintiff or the sureties, in case they had discharged the debt and had been subrogated to the rights of the plaintiff. The plaintiff having failed to obtain satisfaction of his judgment against the principal, proceeded against the other two by an *alias* summons to August Term 1873, and a *pluries* to January Term 1874, which was served on the 26th December 1873. The defendants appeared and made defence that the note had been altered after its execution and without their knowledge or consent, by adding the words "with interest from date."

The proceeding by alias and pluries summons was irregular. The Act of 1830 does not contemplate a continuance of the original suit against those on whom the original process has not been served. It provides that the judgment against those served "shall not be a bar to a recovery, *in another suit*, against the defendant or defendants not served with process." The proceeding against Jacob and Henry is in the nature of an original suit by summons, instead of an alias summons. As was said by Mr. Justice BELL, in Wann *v.* Pattengale, 2 Harris 313, "Suits brought under the Act of 1830 cannot be esteemed in the nature of secondary process under continuances of the original suit, for the reason that the statute contemplates a judgment in the first action before a second can be commenced." The irregularity, however, is but slight and formal, and may be amended.

To meet the defence set up by the defendants, the plaintiff offered to show the circumstances under which the note was given; that it was the understanding of the parties that it should bear interest, and, when it was discovered that it was not so drawn, the payee refused to accept it, and afterwards the words, "with interest

[Myers *v.* Nell.]

from date," were added, with the full knowledge and consent of the defendants, and in this form it was returned to and accepted by the payee. The refusal of the court to receive evidence tending to prove these facts is assigned for error. We are of opinion that the evidence should have been received and submitted to the jury.

The claim of the plaintiff on the note as against William Nell, the principal, had been finally adjudicated; and if the evidence was sufficient to satisfy the jury that Jacob and Henry had both authorized the alteration, they were not in a position to complain. The plaintiff, under the additional count, was seeking to recover the face of the note with interest from its maturity, and the tendency of the evidence would have been to show that the additional words were not written by the plaintiff, nor by his direction, and that he accepted the note in satisfaction of the judgment for which it was given, under circumstances which induced him to believe that the alteration was made in good faith, with the knowledge and consent of all parties to be affected thereby. If this were so, he was entitled to recover at least the amount of the note as originally drawn.

Judgment reversed, and *venire facias de novo* awarded.