## Bailey et al. v. City of New Castle

180

*Matthews & Jamison,* for plaintiffs.

*William D. Cobau,* city solicitor, for original defendant.

*John P. Lockhart, Charles A. Wallace* and *Hugus & Caldwell,* for additional defendants.

BRAHAM, J., March 31, 1937.—This case is now before us on motion to strike off a writ of sci. fa. to bring in additional defendants. On May 4, 1936, plaintiffs filed suit against the City of New Castle to recover damages alleged to have been caused by a fall on a defective sidewalk. On June 1, 1936, the City of New Castle filed a præcipe for a writ of sci. fa. to bring in, as additional defendants liable over to the city, Eva Brown, Florence Brown Thalimer, Alva Thalimer, Elizabeth W. Moore, Ruth Thalimer, and Howard Thalimer. They were alleged to be all the owners of the real estate containing the sidewalk. On the same date the city filed another præcipe to bring in, as a further defendant, Pittsburgh Auto Equipment Company, alleged to be the tenant in possession of the premises. On June 13, 1936, additional defendant Pittsburgh Auto Equipment Company filed an affidavit of defense, alleging in substance that it was the tenant of only a small portion of the premises owned by Eva Brown and others and that it was therefore not liable for the defective condition of the sidewalk in front of the premises. On September 23, 1936, additional defendant Elizabeth W. Moore filed her

affidavit of defense to the writ of sci. fa., setting up as matter of defense, in substance, that she was not the sole owner of the premises but had only a life estate in a one-fourth part thereof, with the remainder over to others; that she was not in possession of any part of the premises and had no control or supervision over the same; that she had no notice of any defective condition, and that the sidewalk was not in fact defective.

Much later, namely, on February 20, 1937, Elizabeth W. Moore, the only one of the owners of the building who was served with the writ, filed a motion to strike off the writ of sci. fa. issued to bring in the owners of the real estate, on the ground that no service of said writ of sci. fa. had been made on any of the owners except herself; that she is not liable for any default severally, but only jointly, and that the writ of sci. fa. does not aver that the owners were in possession nor that original defendant, the City of New Castle, gave notice to the alleged owners of the defects complained of.

This motion to strike off is the only matter now before the court. It was not filed until after the case was on the trial list and, as we have stated above, until long after an affidavit of defense had been filed on behalf of Elizabeth W. Moore. Nevertheless, this motion calls into question the writ of sci. fa. by which the city attempted to bring in the owners of the real estate in question as parties liable over to the city and the præcipe for the writ of sci. fa. therefore requires some examination.

The præcipe names the owners of the real estate as additional defendants and declares that they are liable over to the city for the cause of action declared upon by original plaintiff. It alleges that the City of New Castle, by an appropriate ordinance, had previously required that property owners keep the sidewalk in front of their premises in good order and repair, and further stated that the owners were advised of and had notice of the defective condition of the sidewalk previous to the injuries of plaintiff. Notwithstanding the rather unusual state of

the pleadings, we are minded to express our opinion on the merits of this motion to strike off because such action may be of assistance in framing the issue during the trial of the case.

The first question which emerges is this: Where all of the owners of real estate are named as parties defendant in an action for injuries caused by a defective condition of the real estate, but where only one of the owners is actually served with the process of the court, can the case be proceeded with against the one who has been served? This we consider to be the fundamental question, although, of course, the liability of the owners of real estate over to the city is quasi-contractual rather than tortious in character.

The general rule as to the liability of the owners of real estate for damages to others caused by a defective condition of the premises is governed by the general principle stated in 20 R. C. L. 678, sec. 17:

"Joint tortfeasors may be sued separately or jointly, at the election of the party injured, and in such a case an individual and a corporation may be joined as defendants. This is on the principle that every person who joins in committing a tort is severally liable for it, and cannot escape liability by showing that another person is liable also; nor can one of a number of tortfeasors compel the plaintiff to sue him jointly with other persons with whom he has joined in committing the tort. There is an exception to this rule where the liability for the tort complained of grows out of ownership of real estate held jointly or in common. In such a case, where the proprietors of the land have neglected a duty incident to their title, all should be joined as defendants."

See, on this point, Tandrup v. Sampsell, Receiver, 234 Ill. 526; Southard v. Hill, 44 Me. 92, 69 Am. Dec. 85; Low v. Mumford et al., 14 Johns. (N. Y.) 426, 7 Am. Dec. 469. Upon the general principles of the common law it was therefore incumbent upon the city to sue all of the owners of the real estate.

Elizabeth W. Moore, the owner upon whom the process was actually served, attempts to take advantage of this principle by contending that, because she alone was served by process and because all of the owners must be defendants, the case cannot be proceeded with against herself alone. This leaves out of account the Act of April 6, 1830, P. L. 277, sec. 1, 12 PS §801, which reads as follows:

"That in all suits now pending or hereafter brought in any court of record in this commonwealth, against joint and several obligors, copartners, promisors or the endorsers of promissory notes, in which the writ of process has not been or may not be served on all the defendants, and judgment may be obtained against those served with process, such writ, process or judgment shall not be a bar to recovery in another suit against the defendant or defendants not served with process."

Bearing in mind the fact that the city has named all of the owners of the real estate as parties defendant, we now proceed to examine the very interesting question whether this situation is covered by the provisions of the statute just quoted. In our opinion the statute does apply. The history of and reason for this act will be found discussed in the case of Downey v. The Farmers & Mechanics' Bank of Greencastle, 13 S. & R. 288, and Wann v. Pattengale, 14 Pa. 313. Upon first examination this act seems to apply only to actions which are joint and several. Nevertheless, it has been held in many cases that the act is applicable to contracts which are joint and not several: Miller v. Reed, 27 Pa. 244, 248; Lewis v. Williams, 6 Whart. 263; Moore v. Hepburn, 5 Pa. 399. Further, although the act might seem to apply only to cases of contract, it has been held to apply not only to joint contracts but also to joint actions. The language of Lewis v. Williams, supra, on this point is clear:

"Joint and several obligors are indeed mentioned in it: but there is no room for its application where one of them has been sued severally; the other would be liable on what

is his several bond without it. The mischief was, that the defendants, in a joint action, not taken or served, were discharged by the judgment, though the plaintiff had done all he could to bring them in; and no more was intended to be remedied. In this case, the plaintiff chose to accept the several judgment of one of the partners: and the statute is applicable exclusively to cases, not only of joint contract, but also of joint action." See also Allen v. Liggett, 81 Pa. 486, and Herschberger v. Brown et al., 2 Woodward 101.

It might be further urged against the application of this act to this situation that the act intends only to authorize suit against those joint obligors who are not served and does not say anything about the maintenance of suit against those who are served. Under the law, even prior to the enactment of the statute, it was the rule where only a portion of those named as defendants were served and the case was proceeded with against those who were served it was equivalent to a nol pros against those not served: Cridland et al. v. Floyd, 6 S. & R. 412; Breidenthal et al. v. McKenna, 14 Pa. 160. As Tilghman, C. J., said in Purviance v. Dryden, 3 S. & R. 402, where one of two parties is not served the suit, "according to our practice", is carried on against the other.

In Van Zandt v. Winters, 22 Pa. Superior Ct. 181, it was distinctly ruled that a plaintiff who had sued four joint defendants but had served only three of them might proceed to judgment against the three although the fourth was not served. The principle appearing in this case and also in Murtland v. Floyd et al., 153 Pa. 99, is that at common law a creditor was required to pursue all of his joint debtors equally so far as he could. Severance by his own act or connivance either before suit or during suit was fatal. Nothing more, however, was required than that he proceed against all if he could.

To adopt the contention of counsel for Elizabeth W. Moore would mean that a person injured by the negligence of the owners of real estate could not have recourse by

suit unless he could serve them all in one jurisdiction. This we think is not the law. In Allen v. Liggett, supra, Chief Justice Agnew, in passing upon the Act of 1830, supra, stated that "the whole common-law theory on the subject of actions against joint debtors, partners and judgment-defendants has been deranged by legislation". He pointed out that the Act of 1830 was a beneficial. remedy and ought to be employed unless precedent was clearly against its use. We find that the act as it has been interpreted applies to our present situation and that there are no precedents to prevent such application: See also Campbell et al. v. Steel & Co., 11 Pa. 394; Blackstock v. Leidy, 19 Pa. 335; Bennett et al. v. Cadwell's Exec., 70 Pa. 253; Myers v. Nell et al., 84 Pa. 369; Weikel et al. v. Long, 55 Pa. 238; Dunlap Printing Co. v. Ryan et al., 275 Pa. 556; Act of August 2, 1842, P. L. 458, sec. 7. Our conclusion on this point is that the city has the right to have the case proceed against the one additional defendant who has been served as one of the owners of the real estate.

The second major point in the case is raised by the contention of additional defendant Moore that the sci. fa. to bring her in does not allege a good cause of action against the owners of real estate because there is no allegation that the owners were in control of the premises or that the premises were leased to more than one tenant or that the landlord was otherwise responsible. Not much discussion is required on this point, because we find it admitted in the brief for the city that:

". . . it is probably true that the city in this case cannot recover over against both the owners and the tenants. The law seems to be that where the whole of a property has been leased the owner is not responsible for defects which thereafter develop in the sidewalk: Phila. v. Merchant & Evans Co., 296 Pa. 126. On the other hand where the owners have leased parts of a single property to different tenants, it seems that the owners and not the tenants are responsible for sidewalk defects, though the

owners may not be in actual physical possession of any part of the property. Bruder v. Phila., 302 Pa. 378".

These cases are cited also by defendant Moore, and, in addition, the case of Briggs et al. v. Philadelphia et al., 316 Pa. 48. At common law, subject to certain exceptions, the occupier or tenant, and not the landlord, was liable for injuries occuring to a third person on or off the premises: Harte v. Jones, 287 Pa. 37. The landlord would, of course, be liable if the defects existed before and continued after the making of the lease: Wunder et ux. v. McLean et al., 134 Pa. 334; Kirchner v. Smith, 207 Pa. 431. In such case, the condition should approximate a nuisance: Brown v. White, 202 Pa. 297.

The præcipe for sci. fa. filed by the City of New Castle is not very explicit on this point, apparently relying on the ownership of the property by additional defendant and the ordinance of the City of New Castle. This leads us to a discussion of the next principal point in the case. This is whether additional defendant, by moving to strike off the sci. fa. to bring her in, has sought the proper remedy. It is clear under our decisions that the sci. fa. to bring in additional defendants operates as a pleading: Nunamaker et al. v. Finnegan, 110 Pa. Superior Ct. 404; Rudman et ux. v. City of Scranton et al., 114 Pa. Superior Ct. 148. In Rudman et ux. v. City of Scranton et al., supra, the practice of moving to strike off the writ of sci. fa. or moving for a more specific statement in the writ of sci. fa. as a remedy for defects in the writ is expressly sanctioned.

The præcipe for the writ of sci. fa. as filed by the city in this case and the writ itself are not free from objection. We have concluded, however, that a rule for a more specific statement in the writ of sci. fa. is the appropriate remedy, rather than striking off this writ: 3 Standard Pennsylvania Practice 695. The affidavit of defense which has been filed by Pittsburgh Auto Equipment Company, one of the additional defendants, indicates that it is in possession of only a portion of the premises which belong to

Elizabeth W. Moore and others. This would seem to indicate that from the principle of Philadelphia v. Merchant & Evans Co., supra, there may be a cause of action against the property. In view of the fact that this motion to strike off was not filed until the case was on the trial list and until long after an affidavit on the merits had been filed, we believe that the interests of justice will be better served by requiring a more specific statement of the cause of action in the writ of sci. fa. than by striking it off. Accordingly we make the following

### Order

Now, March 31, 1937, the motion made by Elizabeth W. Moore, added defendant, to have her name stricken from the record as a defendant in the case is hereby refused, and the rule granted on said motion, returnable to the first Monday of March 1937, to show cause why her prayer should not be granted, is hereby discharged. It is further ordered, however, that the City of New Castle, original defendant, shall file a more specific statement of its cause of action in support of the writ of sci. fa. to bring in as additional defendants Elizabeth W. Moore and other owners of the real estate who are alleged to be liable over to the city for any damages recovered by plaintiff. The new statement of claim shall be more specific with reference to the matters set out in the motion to strike off the statement of claim made by Elizabeth W. Moore on February 20, 1937.

### Opinion sur reargument

BRAHAM, J., June 29, 1937.—In the opinion previously filed in this case we held that one of the several tenants in common of real estate may be liable as an additional defendant in an action of trespass against a municipality for damages caused by the negligent maintenance of a sidewalk in front of said real estate although the other tenants in common have not been served. In that opinion it was held that the Act of April 6, 1830, P. L. 277, sec. 1,

12 PS §801, applied. Reargument having been allowed, we have been assisted by an able oral argument and a very careful brief on the application of the Act of 1830.

After a careful study of the brief furnished us by the additional defendant, Elizabeth W. Moore, we are not moved to change our original position. It is true, as is exhaustively pointed out, that none of the cases cited in our previous opinion goes to the extent of ruling, as a direct matter of precedent, the situation in this case. However, the statements of the Supreme Court in the various cases cited have seemed to us to indicate the course which the law has taken. No case has been found in Pennsylvania ruling that it is necessary to serve all of the owners of real estate before proceeding in an action of trespass against any of them. There is ample authority for the proposition that any one of several tortfeasors, whether joint or several, could be proceeded against without the other tortfeasors. Although, as is ably pointed out in the brief of the additional defendant, it was not necessary to extend the Act of 1830 to such cases as Allen v. Liggett, 81 Pa. 486, the Supreme Court nevertheless in that case construed the act as applying quite generally to trespass cases. We conclude that the intention of the legislature as construed by our courts of last resort was to apply the principles of the Act of 1830 to such a tort action as now confronts us and that the Act of 1830 does apply.

A re-study of this case has convinced us, however, that we did not place our original decision on quite the strongest ground available. It should be noted the city alleges that Elizabeth W. Moore and her tenants in common are liable over to the city for the cause of action declared upon by plaintiff. The liability of a property owner over to the municipality which has been held liable for negligent maintenance of the footwalks in front of such property is by its nature quasi-contractual. In this State it has been definitely held that the appropriate action by the municipality against the property owner is the action of assumpsit: Philadelphia v. Reading Co., 295

Pa. 183; Wise Shoes, Inc., v. Blatt, 107 Pa. Superior Ct. 473; Vinnacombe et ux. v. Philadelphia, & American Stores Co. et al., 297 Pa. 564, 573. Bearing in mind that the Act of 1830 applies in terms to joint and several obligors, we conclude that under the principal of these cases these tenants in common are joint obligors to the city to the extent of any recovery against or necessary settlement by the city on account of defective maintenance of the sidewalk in front of the property belonging to the tenants in common.

Whether, therefore, the case be considered under the Act of 1830 or whether the tenants in common be considered joint obligors liable over to the city, we are of the opinion that the one of the tenants in common who has been served may be proceeded against notwithstanding the fact that her tenants in common have not been served and have not appeared. Accordingly we make the following

### Order

Now this 29th day of June, A.D. 1937, after reargument, the stay of the proceedings in this case granted on April 5, 1937, is hereby discharged, the case is directed to be placed once more upon the trial list, and the motion to have the name of Elizabeth W. Moore as additional defendant stricken from the record is overruled and refused.