# Beringer *versus* Meanor's Administrator.

1. A. by her will made her husband her executor, with power to sell certain land. The executor, as such, agreed in writing with B. to sell the same. G. had a mortgage for $4000 on the land, and the executor and B. agreed that G. should foreclose the mortgage and sell the land at sheriff's sale, and that G. should hold it in his own name, and that it should remain in the hands of B. for sale, and when sold the debt of G. should be first paid, and the residue should go to the estate of A. The land was subsequently sold for $8000, and B. refused to account for the difference, on the ground that his agreement with the executor was not *qua* executor, but with him for himself and children. *Held*, that the question whether B. was the agent of the executor, and whether the latter acted as the executor of the estate of his wife in the transaction, was properly left to the jury to determine.

2. During the trial, it appeared that G. was improperly joined, and plaintiff moved to strike out his name as defendant. The court directed a *nol. pros.* as to him to be entered. After verdict the amendment asked for was made, *nunc pro tunc* as of the date of the *nol. pros.* and in the place thereof. *Held*, that the entry of the *nol. pros.* was irregular and technically error, but that the subsequent amendment was proper and cured the irregularity.

October 9th 1877. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ.

Error to the Court of Common Pleas, No. 1, of *Allegheny county :* Of October and November Term 1877, No. 115.

Assumpsit by James B. Meanor, administrator *c. t. a.* of the estate of Eliza E. Meanor, deceased, against Josiah W. Guy, and Conrad Beringer.

Mrs. Meanor died in May 1872, seised in fee of a farm subject to a mortgage in favor of Guy for $3196.93, and interest from June 15th 1871. In her will she made her husband, Davison Meanor, her executor, with power to sell the farm.

Davison Meanor entered into an agreement in writing with Conrad Beringer, a real estate agent, to sell said farm, the agree-

85　　　223
27 SC ²562
85　　　223
28 SC ²518

[Beringer *v.* Meanor's Administrator.]

ment reading that he had placed with Beringer for sale "the following property, of which I am the executor in fee."

The declaration of plaintiff in substance averred, that Guy having suggested a doubt about the ability of the executor to make title under the will, it was agreed between the executor and defendants that Guy should foreclose his mortgage, sell the farm and buy it in his own name, and that the same should still remain in the hands of Beringer for sale and that upon a sale thereof being made, Guy should make a conveyance to the purchaser, and that after paying the debt of Guy and costs, the residue should be paid to the estate of Eliza Meanor, deceased. That afterwards the farm was sold for $8000, and that defendants refused to account for the balance after deducting what was due on Guy's mortgage.

Davison Meanor having been discharged from the executorship, James B. Meanor was made administrator, *cum testamento annexo,* who brought this suit.

At the trial before Collier, J., the defendant contended that whatever agreement he made with Davison Meanor was not made with him as executor for the benefit of the estate, but with him personally for himself and his children.

The following points were submitted by defendant, to which are subjoined the answers of the court:—

2. That the plaintiff must, to sustain his action, have proven a joint undertaking by the defendants, and unless the jury are satisfied that there was a joint contract with both these defendants the plaintiff cannot recover.

Ans. " Refused, because a *nolle prosequi* has been allowed as to Guy."

3. That if the jury find from the evidence that the contract with Beringer was made by Davison Meanor, and that subsequently Beringer procured the title to this land under circumstances which would render him liable to account for the profits which he may have made out of it, still this plaintiff cannot recover in this action, and their verdict must be for the defendant, Beringer.

Ans. " Refused."

4. That the plaintiff having admitted that the sale from Guy to Beringer was made with the knowledge, acquiescence and consent of Davison Meanor, with whom Beringer had the contract, that the legal effect of this, in the absence of fraud, would be to annul the relation of principal and agent between Davison Meanor and Beringer.

Ans. " Refused."

5. That if the jury find that the contract was made with the defendant Beringer for the benefit of Davison Meanor and his children, the plaintiff has no interest in this action as administrator of Eliza E. Meanor, deceased, and is not entitled to recover, and your verdict must be for the defendant.

[Beringer *v.* Meanor's Administrator.]

Ans. "Affirmed."

At the trial, on the 27th of October 1876, in appearing that Guy was improperly joined, the plaintiff moved to amend by striking out the name of Guy as a defendant, and the court then directed a *nol. pros.* as to him to be entered.

The verdict was for $4222.66 against Beringer.

Before judgment, on motion of plaintiff, the court allowed the following amendment:—

" And now, April 6th 1877, the præcipe, declaration and whole record in the above case is hereby amended by striking therefrom the name of Josiah W. Guy as defendant. This order to take the place of the order of the court made on the trial, entering a *nol. pros.* as to said Josiah W. Guy, and to be entered *nunc pro tunc* as of October 27th 1876."

Judgment was then entered on the verdict, and the defendant took this writ, assigning, *inter alia*, for error, the answers to the foregoing points, and the allowance of the above amendment.

*A. M. Brown* and *Blakely & Bigham*, for plaintiff in error.— In the absence of fraud, actual or constructive, the agreement between Guy, Beringer and Meanor extinguished the agency of Beringer, and substituted a new and different contract relation. More than six months after the verdict, the plaintiff amended, by leave of the court, by striking from the " præcipe, declaration and whole record," the name of Josiah W. Guy, as a substitute for the *nolle prosequi*. It is true that this was done "*nunc pro tunc*, as of October 27th 1876 ;" but we deny that it was either proper or effectual to sustain the judgment entered on the verdict. When thus amended, the declaration is incoherent.

*Levi Bird Duff*, for defendant in error.—Beringer was plaintiff's agent ; Guy was trustee. They sold plaintiff's farm, and received the purchase-money. Both refused to give plaintiff any explanation of the transaction. There was no alternative but to sue them both. On the trial of the cause, Beringer admitted that after the sheriff's sale Guy left the farm in his hands for sale, just as it had been before, and offered in evidence a written article of agreement, in which Guy agreed to convey the farm to him on the payment of his debt. It was then plain that the joinder of Guy as a defendant was a mistake, and that the action should have been against Beringer alone. The plaintiff's counsel then moved the court to strike Guy's name from the record. On the argument of the motion for a new trial it was contended that the entry of a *nolle prosequi* did not remove Guy's name from the record. The court, therefore, to remove all doubt, made an order amending it *nunc pro tunc*. The Act of 12th of April 1858, 1 Purd. Dig., p. 70, § 4, gives the court authority to make such an amendment at any stage

of the proceedings. See, also, Ganzer *v.* Fricke, 7 P. F. Smith 316.

Mr. Justice MERCUR delivered the opinion of the court, January 7th 1878.

This was an action of assumpsit brought against Beringer and Guy.

The seventh assignment of error is to the court having permitted the record to be amended by striking therefrom the name of Guy as a defendant, whenever it occurred.

The Acts of 4th May 1852, and 12th April 1858, Purd. Dig. 70, pl. 3 and 4, give ample power to the court "in any stage of the proceedings" to permit such an amendment to be made: Rangler *v.* Hummel, 1 Wright 130; Hite *v.* Kier, 2 Id. 72. So after verdict against three charged on a joint contract, a *nol. pros.* may be entered as to one, and judgment against the others, on the verdict: Ganzer *v.* Fricke, 7 P. F. Smith 316; Heemians *v.* Von Storck *et al.*, not yet reported. The amendment may be permitted when the improper joinder of parties arose from a mistake of law or fact: Druckenmiller *v.* Young, 3 Casey 97; Cochran *v.* Arnold, 8 P. F. Smith 399; Pennsylvania Railroad Company *v.* Keller, 17 Id. 300.

On the trial of the cause it appeared that Guy was improperly joined; that the action should have been against Beringer alone. Thereupon the plaintiff below moved to amend by striking out the name of Guy as a defendant. The court then directed a *nolle prosequi* as to him to be entered. This was clearly irregular and technically an error. Nevertheless the case proceeded and went to the jury against Beringer alone. So far as the merits of the case were affected, it was tried as if the proper form of amendment had been entered of record. After verdict it was properly amended *nunc pro tunc*, as of the date of the original application. The whole irregularity was thereby cured. The second assignment therefore falls with the fourth.

The right of the defendant in error was based on the theory that Beringer acted as agent for the executor, and therefore for the benefit of the estate. There is abundant evidence that Beringer acted under some arrangement made with Davison Meanor, then executor. This is conceded by the plaintiff in error. He contends, however, that it was made with Davison for himself and children, and not with him as executor. If there was any evidence that in this arrangement Davison acted as executor, this question was properly submitted to the jury. We think there was evidence. By the will of the testator Davison was appointed executor, with power to sell the land, the proceeds of which are in controversy. Before the sheriff's sale he, as executor, entered into a contract with Beringer to sell the land for a commission on the sale.

The evidence is very clear that the property was bid off by Guy

at less than its value, under an arrangement between him and Beringer and Davison Meanor, that all Guy should have was the amount of his demands.  Immediately after it was struck down to Guy, he said to Beringer and Davison Meanor, " I bought it in, now I will put it back into your hands again."

After Guy conveyed to the plaintiff in error he said to Meanor, " I sold it to Mr. Beringer for that money because I knew him to be your agent ; that is the reason I sold it to him."   Guy himself testified that at the time of the sheriff's sale he did give several persons to understand that after he got his money the residue for which it might sell " should go to the benefit of the estate."   It is true he afterwards changed the language, for the " benefit of these children."   Which was the true understanding, was properly left to the jury to determine.

Without further referring to the testimony in detail, it is sufficient to say that it is ample to justify the jury in finding that the plaintiff in error received the conveyance and held the land as agent under Davison Meanor, and that the latter acted in the transaction as executor of Eliza E. Meanor.

This disposes of the whole case.   We see nothing in the charge of the learned judge, all of which is assigned for error, to call for criticism.                                    Judgment affirmed.