## Dusenberry *versus* Bradley.

A. filed a copy of original entries, wherein the charges were made against B. individually. In an affidavit of defence B. averred that the goods were purchased by a partnership, consisting of C. and himself. The court allowed the record to be amended by inserting the name of C. as a co-defendant, but no alias summons issued to bring C. into court. The court then entered judgment for want of a sufficient affidavit of defence. *Held*, that this was error, that no such judgment could be entered against either or both defendants until C. had been brought into court, by an alias summons, to which there had been a return either of *served* or *non est inventus*.

January 23d 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ.

Error to the Court of Common Pleas, No. 3, of *Philadelphia county:* Of July Term 1878, No. 139.

Assumpsit by Thomas Bradley against J. H. Dusenberry, to recover for goods sold by plaintiff to defendant.

The plaintiff filed a copy of original entries, wherein the charges for certain goods were made against J. H. Dusenberry. In an affidavit of defence, it was alleged that the goods had been sold to the firm of Dusenberry & Murphy, and not to Dusenberry individually.

The court allowed the plaintiff to amend by adding the name of George Murphy as a co-defendant. The plaintiff then entered a rule for judgment, for want of a sufficient affidavit of defence, which the court made absolute. No summons issued to bring Murphy into court.

The entry of judgment was assigned for error by defendant, who took this writ.

*A. S. L. Shields*, for plaintiff in error.—The charges were against defendant individually, whereas the goods were sold to the firm. The account must fasten a liability on defendant before he

[Dusenberry v. Bradley.]

can be made to deny its genuineness or set up a defence: Wall v. Dovey et al., 10 P. F. Smith 212. No effort was made to bring Murphy into court, and not having had his day therein, the entry of judgment was erroneous.

*Thomas J. Diehl*, for defendant in error.—Although but one defendant was served in this case, and judgment was given generally, it bound only the defendant who had been brought into court, and damages were assessed and execution issued against him only. In a suit against partners, some of whom only are served, though the plaintiff declares against all, he may, after the verdict, have judgment against those who appeared: Taylor v. Henderson, 17 S. & R. 453.

When a plaintiff commences an action and declares upon a cause of action which may be sufficient by supporting it by proof, and files a copy of the instrument on which he relies, the duty lies on the defendant of discharging himself by affidavit of a sufficient defence: Karthaus Coal & Lumber Co. v. Given, 1 W. N. C. 366.

Mr. Justice STERRETT delivered the opinion of the court, February 3d 1879.

After the defendant Dusenberry had interposed the defence, that he and George Murphy were partners, in the name of Dusenberry & Murphy, and so known to the plaintiff at the time the goods were sold, and that these goods were purchased and used by the firm, it was quite proper for the court to allow the amendment, and make Murphy a party defendant in the suit. If Murphy had been in court, or if a writ had been issued and returned *non est inventus* as to him, the defence set up would have been fully met by the amendment; but he never had a day in court, nor was there any effort made to bring him in. Under these circumstances it was irregular to enter judgment against both or either of the defendants for want of a sufficient affidavit of defence. The plaintiff in error, who complained of the omission to join his partner as a defendant in the suit, had a right to have him brought in, if he was within the reach of process.

Judgment reversed, and a *procedendo* awarded