## Murtland v. Floyd et al.  Walton's Appeal.

*Practice, C. P.—Entry of judgment against joint debtors.*

At common law a creditor was required to pursue all of his joint debtors pari passu so far as he could, and any severance by his own act, or connivance either before suit, or in the writ or proceedings at any stage of the case, was fatal; and this rule of the common law has not been changed by the act of August 2, 1842, P. L. 459.

A judgment cannot be entered against one of several defendants for want of a sufficient affidavit of defence, where the plaintiff has taken no judgment against other defendants who have made no defence whatever.

Argued Nov. 8, 1892. Appeal, No. 278, Oct. T., 1892, by Joseph Walton, from order of C. P. No. 2, Allegheny Co., April T., 1892, No. 6, entering judgment for want of a sufficient affidavit of defence in favor of John A. Murtland, administrator. Before PAXSON, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Assumpsit to recover the amount of a deposit.

From the record it appeared that the action was brought against Joseph Walton and a large number of other defendants, who were alleged to be " late partners doing business under the name and style of the American Bank." Walton filed an affidavit of defence, but several of the defendants neither filed an affidavit of defence, nor had an appearance entered for them of record. The court entered judgment against Walton

for want of a sufficient affidavit of defence, but no judgment was entered against the other defendants.

*Error assigned* was, in ordering judgment to be entered against appellant in default of sufficient affidavit of defence when it appears from the record that there the action is a joint one, and no disposition whatever is made of the case against the other defendants.

*D. T. Watson*, for appellant, cited Swanzey v. Parker, 50 Pa. 441; Story, Part. § 156; Hart v. Alexander, 2 M. & W. 484; Kirwan v. Kirwan, 2 Cr. & Mee. 617; Evans v. Drummond, 4 Esp. 89; Oakeley v. Pasheller, 10 Bligh, N. R. 548; Bates, Part. § 519; Regester v. Dodge, 6 Fed. R. 12; Family Indowment Society, L. R. 5 Ch. Ap. 118; Medical Invalid and General Life Assurance Society, Spencer's Case, 24 L. T. R. 455; Lyth v. Ault, 7 Exch. 669; Benson v. Hadfield, 4 Hare, 37.

*Samuel McClay, C. C. Dickey* with him, for appellee, cited Belzhoover v. Com., 1 Watts, 126; Anderson's Rules of Court, 7; Shorb's Executors v. Shultz, 43 Pa. 208; Whittier v. Gould, 8 Watts, 485; Story, Part. § 152.

OPINION BY MR. JUSTICE HEYDRICK, January 3, 1893:

This case is distinguishable from the American Bank's Appeal in Robinson v. Floyd et al., supra. While in the latter case the plaintiff not only joined all the partners in his writ, but prosecuted all alike, and failed to obtain judgment against all through no fault of his own, it is complained in this that the plaintiff having by an alias writ brought all the partners upon the record to avoid a plea of nonjoinder, has, by neglecting to take judgment against some of them equally in default with the appellant, sought to give them whatever loophole of escape a nonjoinder would have· afforded them without detriment to himself, and thus throw the burden of the common debt upon the appellant alone. This could not be done at common law. There the judgment must follow the nature of the cause of action, and if that be a joint demand against two or more persons the judgment also must be joint: Williams v. McFall, 2 S. & R. 280; Beltzhoover v. Commonwealth, 1 Watts, 126. An interlocutory judgment could indeed be taken against one or more defendants in default pending an issue between the plaintiff and other defendants in the same action, but in such case no final judgment could be entered in favor of

the plaintiff until all the issues in the cause had been determined, and damages assessed against all who were liable; and if the defendants, as to whom issue was joined upon a plea that would have availed the defaulting parties, were discharged, the interlocutory judgment was, ipso facto, avoided; and the reason of this was said to be that if it were not so, the record would show a judgment against one of the defendants upon a state of facts which the same record conclusively establishes as having no existence, which is an absurdity not to be tolerated: Swanzey v. Parker, 50 Pa. 441.

Thus it will be seen that the common law required a creditor to pursue all of his joint debtors pari passu so far as he could, and when by causes for which he was not responsible the symmetry of his proceedings was disturbed, they must still be such as would eventuate in one final judgment against all who were liable and could be brought into court.  Severance by the plaintiff's own act, or connivance either before suit, or in the writ or proceedings at any stage thereof was fatal: Taylor v. Henderson, 17 S. & R. 453; Moore v. Hepburn, 5 Pa. 399; but was permitted to whatever extent it was forced upon him. And although many and important changes have been made in the common law, enlarging the rights of the creditor and affecting the mode of procedure upon joint contracts, none have gone so far as to sanction any unfairness towards a debtor or authorize a severance in the proceedings, at any stage thereof, at the mere caprice of the plaintiff, or the entry of more than one final judgment for any other purpose than that of lien in any personal action: O'Neal v. O'Neal, 4 W. & S. 130.

As has been shown in Robinson v. Floyd et al., the act of August 2, 1842, P. L. 459, validates, for the purpose of lien, judgments, in so far partaking of the character of final judgments, entered against different defendants in the same action at different periods, but it must be presumed that the legislature intended such judgments, and only such, as could be entered in accordance with the approved practice of the courts.  There is nothing whatever in the act sanctioning such a severance in the proceedings as the entry of a judgment against one only of two or more defendants equally in default.  As well might a plaintiff who had recovered a verdict against two enter judgment against one only.

The judgment is reversed and a procedendo awarded.