## S. & J. Werner v. Joseph E. Gross, Appellant.

*Attachment under act of March 17, 1869—Fraud—Affidavit.*

On an appeal from an order refusing to dissolve an attachment under the act of March 17, 1869, P. L. 8, where the testimony on the motion to dissolve has not been brought up, and there is nothing before the Supreme Court but the affidavit on which the attachment was founded and the petition to dissolve, and the affidavit follows the general language of the act, and contains also specific averments of fraud, and there is nothing to show abuse of discretion, the Supreme Court will not reverse the action of the lower court.

*Affidavit of defense—Statement—Extraneous matter.*

On a rule for judgment for want of a sufficient affidavit of defense, the court may not go outside of the case as presented by the claim and affidavit to consider extraneous facts either in support of, or against the line of defense disclosed.

The defendant is required to deny only the grounds of liability averred and those which arise by implication from the averments made, and an affidavit which puts the plaintiff to proof of matters outside the statement is sufficient to prevent judgment.

Where an action has been begun by attachment under the act of March 17, 1869, the plaintiff, on a rule for judgment for want of a sufficient affidavit of defense, cannot supplement his statement of claim by the affidavit upon which the attachment was founded, nor by the finding of the court upon a motion to dissolve, nor by the verdict in a feigned issue to determine the validity of a judgment confessed by the defendant, upon which an execution had issued, and a levy been made on his goods prior to the service of the attachment.

In an action of assumpsit to recover on a book account, an affidavit of defense is sufficient which avers that promissory notes were given and accepted as payment for the goods purchased by the defendant, and that such notes were not due when the action was brought.

Argued March 10, 1896. Appeal No. 70, Jan. T., 1896, by defendant, from orders of C. P. Northampton Co., June T., 1893, No. 10, refusing to dissolve an attachment under the act of 1869, and entering judgment for want of a sufficient affidavit of defense. Before STERRETT, C. J., WILLIAMS, MCCOLLUM, MITCHELL and FELL, JJ. Reversed.

Attachment under the act of March 17, 1869, P. L. 8.

Rule to dissolve attachment.

Rule for judgment for want of a sufficient affidavit of defense.

The affidavit of cause of action was in substance as follows :

Lewis Salke, the properly authorized agent of S. & J. Werner, makes affidavit that he has been employed by S. & J. Werner as traveling sales agent for eleven years last past; that he is well acquainted with Joseph E. Gross, the defendant; that the said defendant is justly indebted to S. & J. Werner in the sum of $1,055 for goods, wares and merchandise sold and delivered to him within six months last past and at the dates and for the prices set forth in the memorandum of account, (being a true copy of plaintiffs' book of original entries,) hereto annexed and made part of this affidavit, at the special instance and request of the said Joseph E. Gross, and for which the said Joseph E. Gross promised to pay the said sum of $1,055 ; that the said party defendant is about to move his property out of the jurisdiction of the court in which said attachment is applied for, with intent to defraud his creditors ; that the said party defendant has property, rights in action, money and evidences of debt, which he fraudulently conceals, and the said party defendant has assigned, disposed of or removed, or is about to assign, dispose of or remove, his property, money, rights in action and evidences of debt, with the intent to defraud his creditors, and that the said party defendant fraudulently contracted the debt or incurred the obligation for which such claim is made. Further, that the said party defendant with intent to defraud his creditors generally, and the said S. & J. Werner, plaintiffs, confessed certain judgments on the 3d day of April, 1893, for a large sum of money, to wit, for the sum of $4,358 and upwards, as this deponent is informed and believes fraudulently, without consideration or legal existing indebtedness therefor, said judgments having been confessed for the express purpose

of assigning, disposing of and removing the said defendant's property, stock, fixtures, merchandise, money, rights in action and evidences of debt out of the reach and beyond the control of his just creditors. This deponent is further informed and verily believes that the said Joseph E. Gross having confessed the above referred to judgments for the purpose of defrauding his creditors generally, and the above named plaintiffs, proposes to allow his goods, wares, merchandise, etc., to be sold under execution issued thereon and bid in by the plaintiffs in the execution, the entire proceedings to be simply a cover by means of which said party defendant is about to remove his property out of the jurisdiction of this court, with intent to defraud his creditors and S. & J. Werner, plaintiffs.

Defendant presented a petition to dissolve the attachment which recited that on April 14, 1893, the plaintiffs issued the attachment and that the sheriff did attach the property of the defendant, which was already in the exclusive possession of the said sheriff, by virtue of an execution previously issued, to wit, on the 12th day of April, 1893, against said Joseph E. Gross, on the præcipe of Hulda Zierfuss, and by virtue of which execution the sheriff levied upon all the personal property of said Gross on the 10th day of April, 1893, and advertised same for sale on April 18, 1893, at 10 A. M.; that the sheriff sold all of said Gross's personal property on the 18th and 19th days of April, 1893, on said execution and realized the sum of $2,041.79; that plaintiffs charged defendant generally with fraud, following the words of the act, without specifically setting forth the fraudulent acts of defendant; that plaintiffs further alleged as evidence of fraudulent intent the confession of above judgment to Huldah Zierfuss by said Gross, as alleged in affidavit. Denying the truth of said allegations, Gross alleged that he was informed and believed that the above allegation that said judgment was fraudulently confessed was not such a fraudulent disposition of property as is comprehended by the act of March 17, 1869, etc. The said petition continued with a specific denial by Gross of every one of the charges of fraud in plaintiff's affidavit.

Contending, therefore, that this attachment was null and void and that the sheriff had no lien on said property or proceeds of sale, by virtue of said writ of attachment, inasmuch as the said

property had been previously levied on by the sheriff by virtue of the aforesaid execution, and was advertised for sale thereunder, and therefore was in the custody of the law, and further contending that the plaintiffs were not entitled to have the writ for the reasons mentioned above, said Gross prayed the court for rule to show cause why said attachment should not be dissolved.

The statement of claim was in substance as follows:

Solomon Werner, one of the firm of S. & J. Werner, makes affidavit that he is a member of the firm and that the action is brought to recover the amount due from the defendant to the plaintiffs on a certain book account, a true copy of which is submitted herewith and made a part hereof; that the amount due is $1,055 together with lawful interest from April 14, 1893; that said sum claimed is for the price and value of goods, bargained and sold by plaintiffs to the defendant, at his request; that said sum is for price and value of goods then and there sold and delivered by plaintiffs, to the defendant, at his request; that said sum is due and has not been paid or any part thereof; that said sum is for money found to be due from the defendant to the plaintiffs on an account then and there stated between them.

The affidavit of defense was as follows:

The defendant denies that there is an amount due from him to the plaintiffs, on a certain book account amounting to $1,055, but alleges that for the debt incurred by him of the plaintiffs for goods sold and delivered, at the solicitation of the plaintiffs' agent, Lewis Salke, who had full power to make such arrangements, the said defendant executed and delivered to the said S. & J. Werner, through their said agent, Lewis Salke, four promissory notes, each for the amount of $263, payable to himself (Joseph E. Gross), the first note payable —— months after date, the second —— months, the third —— months and the fourth —— months. The defendant first indorsed each of said notes and then, at the request of the plaintiffs, also secured the indorsements of Franz Zierfuss on each note, and then delivered them to the plaintiffs, through their agent, Lewis Salke. The said notes were accepted by said plaintiffs, with the terms of credit therein severally indicated. As the said notes are in the exclusive possession of the plaintiffs, the defendant is unable to

give a copy of them or to state positively just when they fall due, or to give any fuller description of them than he has done; none of said notes, however, were due at the time this suit was brought, which was on April 14, 1892; nor was the debt sued for fraudulently contracted.

The said notes were given and received in payment of said book account referred to in plaintiffs' affidavit of claim, and were the only indebtedness of the defendant to the plaintiffs. As the said notes were not due and payable when this suit was brought, the plaintiffs had no legal cause of action at that time against the defendant.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense (1), and refused to dissolve the attachment (2).

*Errors assigned* were (1, 2) above orders.

*Harry C. Cope, J. B. Kemerer* with him, for appellant.—An attachment under the act of 1869, P. L. 8, will not lie for a debt not yet due: Coaks v. White, 11 W. N. C. 271; Taylor v. Jacoby, 2 Pa. 495; Beck v. Parker, 65 Pa. 264; United States v. Mertz, 2 Watts, 406.

An affidavit which puts the plaintiff upon proof of any matter dehors the instrument sued on is sufficient to prevent judgment: Hunter v. Reilly, 36 Pa. 509; Allegheny City v. McCaffrey, 131 Pa. 137; Jones & Co. v. Brown, 167 Pa. 395.

The mere taking of the debtor's note by a creditor for a debt contracted for goods sold, does not extinguish the debt unless it was specially agreed that the note should be taken as payment of the debt: Kemmerer's App., 102 Pa. 558; Dougherty & Co. v. Bash, 167 Pa. 429; Pearsoll v. Chapin, 44 Pa. 12.

*W. S. Kirkpatrick, B. F. McAtee* with him, for appellees.— The attachment under the act of 1869, being purely statutory, the only way to review the regularity of the proceedings was by certiorari, or since the act designating all appellate proceedings by writ of error, certiorari, etc., appeals, by such an appeal which in such case would be treated as having the force and effect of a certiorari: Wetherald v. Shupe, 109 Pa. 389; Hall v. Oyster, 168 Pa. 399; Hoppes v. Houtz, 133 Pa. 34; Sharp-

less v. Ziegler, 92 Pa. 470 : Fernau v. Butcher, 113 Pa. 298 ; Rothermel v. Marr, 98 Pa. 290.

An order dissolving an attachment issued under the act of March, 1869, P. L. 8, is interlocutory only, within the discretion of the court below, and not reviewable on certiorari or appeal to the Supreme Court in the absence of anything to show an abuse of such discretion: Hoppes v. Houtz, 133 Pa. 34; Wetherald v. Shupe, 109 Pa. 389.

A fraudulently contracted debt not yet due may be at once demanded and an attachment issued under the act of March 17, 1869, P. L. 8; Herman v. Saller, 25 W. N. C. 408; Lippincott v. Pendergrast, 2 Del. 322; Walls v. Campbell, 23 W. N. C. 506.

When the court discharges a rule to dissolve an attachment, that conclusively established the fact of the allegation upon which the attachment issued: Walls v. Boteler, 23 W. N. C. 508.

OPINION BY MR. JUSTICE FELL, April 6, 1896 :

The assignments of error relate to the refusal of the court to dissolve the attachment, and to the order making absolute the rule for judgment for want of a sufficient affidavit of defense. The testimony heard by the court on the motion to dissolve the attachment has not been brought up, and there is nothing before us but the affidavit upon which the attachment was founded and the petition to dissolve. The affidavit follows the general language of the act, and contains also specific averments of fraud, and it is sufficient to sustain the attachment. As no error appears on the face of the record, and as there is nothing to show an abuse of discretion, the assignment must be overruled : Hall v. Oyster, 168 Pa. 399.

It appears from the plaintiffs' statement that their claim is based on a book account for the price of goods sold and delivered to the defendant. The defendant in his affidavit of defense denies that anything is due, and alleges that in payment of the account he gave the plaintiffs four promissory notes drawn by him to his own order and indorsed by him and by a third party ; that the said notes cover the whole of his indebtedness to the plaintiffs, and were received by them in payment, and were outstanding and not due at the time suit was brought.

This is a square denial of the liability averred in the statement. The statement of claim and the affidavit of defense raise the only question before the court on the hearing of a rule for judgment. The defendant is required to deny only the grounds of liability averred and those which arise by implication from the averments made, and an affidavit which puts the plaintiff to proof of matters outside the statement is sufficient to prevent judgment. Neither the affidavit upon which the attachment was founded, nor the finding of. the court upon the motion to dissolve, nor the verdict in the feigned issue to determine the validity of a judgment confessed by the defendant, and upon which an execution had issued and a levy been made on his goods prior to the service of the attachment, could be resorted to to supplement the statement of claim. " On the hearing of a rule for judgment for want of a sufficient affidavit of defense the court may not go outside of the case as presented by the claim and affidavit to consider extraneous facts either in support of or against the line of defense disclosed : " Allegheny City v. McCaffrey, 131 Pa. 137.

The first assignment of error is sustained and the judgment is reversed and a procedendo awarded.