## Van Zandt ·v. Winters, Appellant.

*. Judgment—Joint debtor—Service—Practice, C. P.*

Where a creditor has brought suit against four joint debtors, and one of the defendants has not been served, judgment may be entered against the three defendants who have been served.

*Affidavit of defense—Contract—Services.*

In an action to recover for services where it appears that there was an agreement in writing by which a number of days' services were specified at a certain amount per day and certain specified expenses, to be paid for by defendants, and the plaintiffs claim for additional days and additional expenses, an affidavit of defense which avers that such additional services and expenses were unauthorized by defendants or anyone by their authority, is sufficient to prevent judgment as to such services and expenses.

Argued Oct. 16, 1902.    Appeal, No. 108, Oct. T., 1902, by defendants, from order of C. P. No. 1, Phila. Co., Dec. T., 1901, No. 3962, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Harry M. Van Zandt and W. Cordes Snyder v. Harry O. Winters, Zachariah K. · Loucks, William F. Ramsay and John C. Mosser.    Before RICE, P. J., BEAVER, W. W. PORTER and W. D. PORTER, JJ. Reversed in part.

Assumpsit for services.

Rule for judgment for want of a sufficient affidavit of defense.

The claim was based partly on a written contract and partly for services and expenses in addition to those specified in the writing.

The written agreement was as follows:

"This agreement entered into this 2d day of November, A. D. 1902, between H. O. Winters, Z. K. Loucks, Wm. F. Ramsay and John C. Mosser, hereinafter known as party of the first part, and Harry M. Van Zandt and W. Cordes Snyder, hereinafter known as party of the second part.

"Witnesseth: That in consideration of the sum of two hundred and fifty dollars ($250) in hand paid, payment of which is hereby acknowledged, the party of the second part agree to go to the Island of Cuba, leaving the City of New

York by steamship on the 6th day of November, 1901, and remain on said island not to exceed thirty days—health and other unforeseen accidents not interfering—and while there to perform such work or duties as H. O. Winters, representing party of the first part, may request and direct in line of proper examination, surveying, and work of like character in connection with such properties as said H. O. Winters may designate.

" And it is further agreed, that the party of the first part will assure and pay every and all legitimate expense incurred by party of the second part, such as living expenses, transportation to and from New York City and Havana, Cuba, etc., and in addition the sum of twenty dollars per day for their services while absent from the United States, and upon party of the second part delivering to party of the first part a written report covering their services and findings in the investigation of the certain several propositions hereinbefore cited, the party of the first part will pay the party of the second part the additional sum of two hundred and fifty dollars ($250), it being understood that the earnest of two hundred and fifty dollars first herein mentioned shall be an offset as against the items of twenty dollars per day for services and two hundred and fifty dollars for the expert report of party of the second part.   The expenses of party of the second part to be paid for and taken care of by party of the first part as incurred ; balance that may be due party of second part for services to be paid in full within ten (10) days after their return to the United States."

The additional foundation of the case was the averment by plaintiffs that this contract and agreement was verbally extended and continued by appellants as to the length of time it was to run, and that, under the original agreement and its continuance, Van Zandt, one of the plaintiffs, after being in Cuba nine days (not including four days of passage going and four coming) was returned to the United States by appellants, and retained here in their employ until December 28, 1901, a total period of fifty-three days, while Snyder, the second plaintiff, was retained this whole period of time, fifty-three days, in Cuba (including periods of passage) in their employ.

Z. K. Loucks filed the following affidavit of defense :

Deponent says that the said plaintiffs left New York city for

Cuba, November 6, 1901, and that the said plaintiff, Harry M. Van Zandt, returned from Cuba, arriving in New York November 23, 1901, having been absent from the United States in all seventeen days, nine of which were spent in Cuba and eight of which were spent upon the water between New York and Cuba. The plaintiff, Van Zandt, at the rate stated in the contract sued on would therefore be entitled to seventeen days' pay, $10.00 per day, or $170 up to the time of his return. After the return of said Van Zandt to this country, November 23, 1901, he performed no. services of any nature or kind for this defendant. He did not at the instance of this deponent incur any traveling expenses or other expenses in this country chargeable to this deponent, nor is he entitled, under and in pursuance of the terms of this agreement in suit, to charge deponent with the expenses as set forth in the amended statement, except the item of $5.00, which is a charge for expenses incurred between Havana and New York. This the deponent is willing to allow, but the other items set forth in said statement, amounting to $103.15, being expenses for meals, hotel bills, cab hire, railroad fare, etc., in this country, deponent is unwilling to pay, and says that the plaintiff, Van Zandt, under the terms of his contract, is not entitled to make any such charges, nor did this defendant ever agree to pay any such charges. The said plaintiff, Van Zandt, never submitted any written expert report to the defendants in regard to the property which he was employed to investigate. He did join in a written statement with plaintiff Snyder, but he did not make any scientific, technical or expert report such as he was employed to make. That this deponent is not indebted to the said Van Zandt in any sum whatever for said report, the same being entirely worthless.

Deponent further says that the said plaintiffs were paid in cash by defendants the sum of $290. Deponent says that, as to the claim of the plaintiff, Snyder, he would be entitled, at the rates charged in the contract of $10.00 per day payment, at the most for only thirty-eight days. The contract provides that he is entitled to receive $10.00 a day for services while absent from the United States, and that he was to remain on the island of Cuba not to exceed thirty days; that he was going and coming from Havana to Cuba eight days, so that his serv-

ices would amount to $380 for thirty-eight days' work; that if plaintiff was absent from the United States longer, it was not in pursuance of the contract sued on, nor in pursuance of any directions given by this deponent or any defendant having authority to give such instructions.

The plaintiff, Snyder, has charged $15.00 for expenses connected with the trip between Havana and New York. This expense deponent is willing to pay.

Deponent further says that the plaintiff, Snyder, is not entitled to recover any sum whatever for a report as claimed in statement filed; that he was employed as an expert and for no other purpose; that in agreeing to pay $250 for final report, defendant expected and was entitled to receive a scientific report, such as a civil and mining engineer would make upon the subjects investigated; that no such report was ever made. The said Snyder did join with his coplaintiff, Van Zandt, in making a written statement, which was, however, absolutely worthless.

Wm. F. Ramsay also filed an affidavit for defense.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*R. R. Vale*, with him *Alexander & Magill*, for appellants.

*George Demming*, for appellees.

OPINION BY BEAVER, J., January 20, 1903:

Plaintiffs brought their action in assumpsit against four joint debtors for certain sums alleged to be due under the terms of a written agreement and certain other sums for expenses authorized by parol. Three of the defendants were served and as to the fourth there was a return of " nihil habet." As to one of the defendants no affidavit of defense was filed. The remaining two filed separate affidavits of defense. Judgments were taken against the three upon whom service was had upon the same day, for the same amount, against the one for want of an affidavit of defense, and against the others for want of a sufficient affidavit of defense.

The defendants claim that judgment cannot be taken against less than the entire number of defendants, when a joint contract is declared upon against all. They evidently lose sight of the fact, however, that one of the defendants was not served and that judgments were entered against all of the others at the same time. We see no irregularity in this. If all had been served, the question might properly have been raised under the authorities cited by the defendants. In Murtland v. Floyd et al., 153 Pa. 99, upon which the defendants rely, the rule is thus stated: "Thus it will be seen that the common law required a creditor to pursue all of his joint debtors pari passu, so far as he could, and, when by causes for which he was not responsible, the symmetry of his proceedings was disturbed, they must still be such as would eventuate in one final judgment against all who were liable and could be brought into court. Severance by the plaintiff's own act or connivance, either before suit or in the writ or proceedings at any stage thereof was fatal (Taylor v. Henderson, 17 S. & R. 453 ; Moore v. Hepburn, 5 Pa. 399), but was permitted to whatever extent it was forced upon him. And, although many and important changes have been made in the common law enlarging the rights of the creditor and affecting the mode of procedure upon joint contracts, none have gone so far as to sanction any unfairness towards a debtor or authorize a severance in the proceedings, at any stage thereof, at the mere caprice of the plaintiff or the entry of more than one final judgment for any other purpose than that of lien in any personal action : O'Neal v. O'Neal, 4 W. & S. 130." There was no severance here on the part of the plaintiff. He brought the suit against the four joint contractors and took judgment against all who were within the jurisdiction of the court. This, as we understand it, is all that can be claimed under the rule invoked. The specifications of error, so far as they relate to this alleged irregularity, are, therefore, dismissed.

The plaintiffs' claim, so far as it is founded upon the written contract, is practically admitted by the defendants, with the exception of the amount claimed for the "written report covering their services and findings in the investigation of the certain several propositions hereinbefore stated," for which the sum of $250 was to be paid. This report, as appears by the contract,

was to be an expert report of the defendants. It is alleged in the affidavit of defense that the "plaintiff Van Zandt never submitted any written expert report to the defendants in regard to the property which he was employed to investigate. He did join in a written statement with plaintiff Snyder but he did not make any scientific, technical or expert report such as he was employed to make; that this deponent is not indebted to the said Van Zandt in any sum whatever for said report, the same being entirely worthless."

By the terms of the written agreement, the employment of the plaintiffs by the defendants was for a limited period, "not to exceed thirty days," upon the island of Cuba, and the time necessary to go and return, which is stated to be eight days. The time claimed for by the plaintiffs, in addition to the period mentioned in the agreement, is averred in both of the affidavits of defense to have been unauthorized by the defendants who made the affidavits or anyone by their authority. The same is true as to the expenses claimed by one of the plaintiffs in traveling to and fro in this country. The averments in relation to these items are specific and are, in our opinion, sufficient to prevent judgment being entered therefor.

Inasmuch as the services were joint and to be paid for jointly at the rate of $20.00 per day, it would seem as though the plaintiffs were entitled to this amount for the thirty-eight days provided for in the written agreement. The defendants admit their liability for $5.00 and $15.00 of expense money paid by the plaintiffs in their journey to and from Cuba. This would leave the account stand, as admitted or due under our construction of the agreement as to joint service,—thirty-eight days' services under the agreement at $20.00, $760; expense money admitted, $5.00+$15.00, $20.00; total, $780, less amount admitted to be paid on account $290, which would leave $490 for which the plaintiffs are entitled to judgment. As to the balance, we think the affidavits sufficiently aver a defense upon which the defendants are entitled to go to a jury. Judgment affirmed for the sum of $490, admitted to be due under the agreement as herein specified and as to the balance it is reversed with a procedendo.