## Kidney *v.* Beemer, Appellant.

*Receivers—Corporations—Sale—Promissory note—Affidavit of defense—Trust and trustees.*

Where the terms of a receiver's sale are that one half of the purchase money shall be paid in cash, and one half in thirty days, and a purchaser instead of paying the whole amount in cash or in thirty days gives a note for a portion, he cannot in a suit upon the note claim that he should be allowed credit for claims which he had against the receiver's corporation, and that the plaintiff should file an account before pressing for judgment.

In such a case if the purchaser has signed the note as trustee without disclosing for whom he was trustee, judgment may be taken against him both personally and as trustee.

*Practice, C. P.—Amendment—Parties—Striking out parties—Affidavit of defense—Judgment.*

Where several parties have been joined by a mistake as parties defendant, and the real party has filed an affidavit of defense, the record may be amended by striking out the names of the parties joined by mistake, and judgment may then be entered against the real party in interest for want of a sufficient affidavit of defense, without requiring a new statement to be filed with an opportunity to the real defendant to file a new affidavit of defense.

Argued Jan. 9, 1905. Appeal, No. 55, Jan. T., 1905, by defendant, from order of C. P. Monroe Co., May T., 1904, No. 13, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Alfred H. Kidney, receiver of the New York and Pennsylvania Brick, Tile and Terra Cotta Company and the Chestnut Ridge Railroad of Pennsylvania *v.* James G. Beemer, trustee, and James G. Beemer. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit upon a promissory note. Before STAPLES, P. J. The facts appear by the opinion of the Superior Court.

*Error assigned* was in making absolute rule for judgment for want of a sufficient affidavit of defense.

*Wilton A. Erdman,* with him *Edward Harvey,* for appellant.— The proceedings were irregular : Murtland v. Floyd, 153 Pa. 99 ; Bradley v. Dusenberry, 7 W. N. C. 146 ; Jones v. Gordan. 124 Pa. 263 ; Com. v. Yeisley, 6 Pa. Superior Ct. 273.

*A. Mitchell Palmer*, for appellee.—In a large number of cases the court has permitted amendments of the pleadings to be made by striking out the names of parties defendant where it developed that though the plaintiff in his declaration had alleged the defendants to be jointly liable, no such joint liability in fact existed and only one of the defendants was responsible: Beringer v. Meanor, 85 Pa. 223; Lawrence v. Mangold, 1 Walker, 202; Burgan v. Cahoon, 1 Pennypacker, 320; Shupp v. Sturdevant, 2 Kulp, 13; Herman v. Rinker, 106 Pa. 121; Hunt v. Chase, 4 Kulp, 79.

OPINION BY MORRISON, J., March 14, 1905:

This is an appeal from the judgment of the court below in granting judgment for want of a sufficient affidavit of defense, and the single assignment of error complains of the action of the court in that respect.

The plaintiff, receiver, acting under the order of court, sold the goods and chattels, real and personal property and franchises of the two corporations which he represented to James G. Beemer for the sum of $31,500. By his direction the sale was made to him as trustee. By the order of court the terms of sale were one half cash on the day of sale and one half in thirty days. Beemer held a large number of claims against the two corporations and instead of compelling him to pay one half of the purchase money in cash on the day of sale, the purchaser and receiver exchanged receipts for this amount. On the same day Beemer acknowledged in writing that he owed the receiver $15,750, to be paid in thirty days from that date. Thirty days after the sale, instead of paying the balance in cash in accordance with conditions of sale, the parties estimated the amount which Beemer held against the corporations in claims and he executed a note for the balance of the purchase money amounting to $12,920. The claims held by Beemer were labor claims and various other items paid by him which were preferred against the funds in the receiver's hands, and also a number of merchandise accounts which were payable out of the funds in the receiver's hands, in such an amount only as the balance, after payment of preferred debts, charges and expenses of the receivership, permitted; but in arriving at the amount of the note of December 30, 1901, the full amount

of such claims was allowed. It was, however, stipulated in said note that " in the settlement between the said receiver and myself, said claims are to be allowed in such amounts as they are entitled to receive out of the proceeds of the funds in the receiver's hands." This note was signed by James G. Beemer, trustee, and there is nothing appearing thereon, or anywhere else in the papers sued on, which indicates for whom he acted.

Beemer made payments from time to time upon the purchase money and the receiver finally brought this suit to recover the sum of $1,315.84 as the balance of unpaid purchase money. In arriving at this sum the receiver allowed Beemer for his merchandise accounts the sum $6,588.25, alleging in the statement filed that the amount was the sum which said merchandise accounts were entitled to receive out of all funds in the receiver's hands.

It is very clear from the averments in the plaintiff's declaration and the papers thereto attached, that Beemer was only entitled to a credit upon his note for the merchandise accounts with the net sum to which they were entitled out of the funds in the plaintiff's hands. And nowhere in the affidavit of defense is it alleged that these accounts were entitled to any greater sum than the plaintiff credited upon the note. It is set up in the affidavit of defense that his merchandise accounts amounted to $8,558.79, but that is conceded by the plaintiff and there really is no dispute between the parties that the plaintiff allowed all that these claims were worth. This being so, it is idle for the defendant to set out the full face value of his merchandise claims because he had agreed that they should only operate as payment for their actual value and, as we have said, he does not dispute the value fixed thereon by the plaintiff.

In this connection it may be noted that the defendant was liable to pay the whole sum of the purchase money, one half in cash at the sale and the other half in thirty days. Under the law he would have been compelled to wait for the payment of any or all of his claims until the receiver had collected all of his funds and had filed his account and secured the confirmation of the same.

Beemer contends, in this suit, that the plaintiff must first file an account and by that account it must be determined how.

much of the fund is applicable to the merchandise accounts. But this is a mistake. Beemer, the debtor, must pay the balance of his purchase money and then, upon the filing of an account by the plaintiff, if he had not been allowed the full value of his merchandise accounts he will not be estopped from claiming any balance to which they are entitled.

We think the plaintiff. shows a clear right to recover the balance claimed in this suit and that the affidavit of defense is wholly insufficient to prevent judgment against Beemer as trustee and also against him individually. The plaintiff is entitled to judgment against him as trustee technically because he gave his obligation in that way. Again the plaintiff is entitled to judgment against Beemer personally, because he did not disclose for whom he was trustee. It is familiar law that an agent is personally liable on contracts made by him as agent when he fails to give notice of his agency and to name his principal: Meyer v. Barker, 6 Binney, 228; Iron & Coal Co. v. Smith, 66 Pa. 340; Quigley v. DeHaas, 82 Pa. 267; and Hopkins v. Mehaffy, 11 S. & R. 126.

It does not appear that Beemer had authority as trustee to bind anybody but himself and we are of the opinion that he placed himself in such a position in the case that the plaintiff is entitled to his judgment against James G. Beemer, trustee, and also against James G. Beemer.

The defendant relies on a technicality for the reversal of this judgment. It is this : The plaintiff brought his suit against Beemer and a large number of other persons. The summons was served on some of these but upon many of the others no service was had. When Beemer filed his affidavit of defense, he alleged that " the codefendants mentioned in this affidavit are not bound in any sum, for no contract relation between them and the said plaintiff is sufficiently averred in the statement filed, and ' none ' ever executed anything which is enforceable under the facts set forth in this case." Upon Beemer filing his affidavit of defense on behalf of the alleged codefendants and failing to state who, if any, person or persons, were liable with him to the plaintiff, a motion was made on behalf of the plaintiff to amend by striking out of the case the names of all the parties defendant, except James G. Beemer, trustee, and James G. Beemer. alleging in the petition to amend that

the said defendants' names had been joined by mistake and that the plaintiff was lead into this mistake by Beemer, one of the defendants. Upon this petition and motion the court permitted the amendment and this left the case and pleadings against Beemer, trustee, and Beemer personally. Thereupon, on argument, the court held that the affidavit of Beemer was insufficient and granted judgment against him.

It is not denied that the court had power to permit this amendment but the defendant's counsel contend that it was error to grant judgment against Beemer without filing an amended statement and giving an opportunity to file a new affidavit of defense. This contention overlooks the fact that the amendment was of the whole case and when all other defendants were striken out and the pleadings considered as amended accordingly, there was a good cause of action set forth in the declaration against Beemer and he was in court and had filed his affidavit of defense. As to the power of the court to grant the amendment, see Beringer v. Meanor's Adm., 85 Pa. 223.

The learned counsel for the defendant in support of his argument that the plaintiff was not entitled to judgment against Beemer cites : 'Bradley v. Düsenberry,' 7 W. N. C. 146. This was a case in common pleas No. 2 of Philadelphia, May 3, 1879. The affidavit suggested that the copy of book entries filed did not entitle plaintiff to judgment because the suit was against Dusenberry and another, and the charge in the book entries was against Dusenberry only. Counsel for the rule offered to amend the record so as to leave Dusenberry the only defendant. The Court: "The plaintiff not being entitled to judgment when the statutory time for judgment arrived, cannot put himself in a better position for the purpose of this judgment, by any subsequent amendment. Rule discharged." The counsel in his printed argument cites this case as 6 W. N. C. 413, and the counsel for appellee in his argument sharply criticises the counsel and states that he misquotes the case of Dusenberry v. Bradley and that it does not contain any such language as the counsel for appellant quotes in his argument. Counsel for appellee also refers to the report of the same case in 88 Pa. 444. The case in 7 W. N. C. 146 does seem to sustain the appellant's theory but it is not a Supreme Court case and we do

not feel bound by it.   Now turning to Dusenberry v. Bradley, 6 W. N. C. 413, common pleas No. 3 of Philadelphia, we find it is the same case in which a writ of error was taken to the Supreme Court and it is reported in .88 Pa. 444.   In that case the plaintiff filed a copy of original entries wherein the charges for certain goods were made against J. H. Dusenberry.   In an affidavit of defense it was alleged the goods had been sold to the firm of Dusenberry and Murphy and not to Dusenberry individually.   The court allowed the plaintiff to amend by adding the name of George Murphy as a codefendant.   The plaintiff then entered a rule for judgment for want of a sufficient affidavit of defense which the court made absolute.   No summons issued to bring Murphy into court.   The entry of judgment was assigned for error by defendant who took the writ.   The Supreme Court reversed the court below because judgment was entered against Murphy who had not appeared in court nor had he been summoned.   The Supreme Court said : " Under these circumstances it was irregular to enter judgment against both or either of these defendants, for want of a sufficient affidavit of defense."

   It is very plain why that judgment was reversed ; it was entered against a defendant who had never had his day in court. But that is not our case.   At the time judgment was taken against Beemer, he was the only defendant in court and the amended record showed a cause of action against him alone, and he had filed his affidavit of defense, and, it being insufficient, we fail to see any error in entering judgment against him.   The declaration had not been amended by adding anything to it. The sole purpose of the amendment was to eliminate from the case the names of all codefendants wherever they appeared in it.   This left a clean cut case against the defendant, Beemer, who, we think, had rendered himself liable to have judgment go against him, both as trustee and personally.

   Counsel for appellant cites, Murtland v. Floyd et al., 153 Pa. 99, but reference to that case shows that it does not rule our case.   It simply decides, as stated in the syllabus : " A judgment cannot be entered against one of several defendants for want of a sufficient affidavit of defense, where the plaintiff has taken no judgment against other defendants who had made no defense whatever."   But that is not our case in which the

names of all the other defendants had been stricken out before the judgment was taken. In that case the other defendants referred to were in court. See Van Zandt v. Winters, 22 Pa. Superior Ct. 181. Counsel also cites: Jones v. Gordon, 124 Pa. 263. But that case is not in point because there the declaration was amended by adding something thereto and, of course, judgment could not be entered on the amended declaration without giving the defendant an opportunity to file a new affidavit of defense. We are also referred to Com. v. Yeisley, 6 Pa. Superior Ct. 273, but that case does not touch the ruling question in our case. There the plaintiff withdrew his original statement and filed another and, of course, it was necessary to give the defendant an opportunity to file a new affidavit of defense. Werner v. Gross, 174 Pa. 622, is also cited; the point in that case is : " On the hearing of a rule for judgment for want of a sufficient affidavit of defense, the court may not go outside of the case as presented by the claim and affidavit, to consider extraneous facts, either in support of or against the line of defense disclosed." That principle does not seem important in our case. Kerr v. Culver, 209 Pa. 14, is also cited but we do not consider it in point.

In our opinion the action of the court below is sustained by the case of Warner v. Smith, 2 W. N. C. 107. That was a scire facias sur recognizance of bail against Sarah Wessner, Henry Byerly and Daniel Warner. Sarah Wessner filed an affidavit of defense, and on motion for judgment for want of a sufficient affidavit of defense, the court discharged the rule as to Sarah Wessner, and made it absolute as to Warner, and upon the same day judgment was entered against Byerly for want of a sufficient affidavit of defense. The court amended the record by striking off the name of Sarah Wessner; her name having been joined in the case by a mistake of law and fact; and also amended the record so as to appear thereon that the judgment was entered against Henry Byerly for want of an affidavit of defense, and against Daniel Warner for want of a sufficient affidavit of defense. The defendant Warner, took writs of error, assigning for error the entry of judgment against him for want of a sufficient affidavit of defense, the amendment of the record by striking off Mrs. Wessner's name, and the amendment of the entry of judgment. In the Supreme Court the very

point raised in Bradley v. Dusenberry, 7 W. N. C. 146, was suggested, to wit: " If the affidavit was good when filed, then the plaintiff could not, by amending the record, entitle himself to judgment for want of a sufficient affidavit." But on consideration the Supreme Court affirmed the judgment. Now, we consider this substantially our case. The plaintiff had by mistake included too many defendants and on motion the record was amended by striking out the defendants improperly joined, thus leaving a good cause of action against the defendant, Beemer, and this without adding a syllable or word to the declaration.

In our opinion the defendant entirely failed to show any defense upon the merits and we find nothing in his technical objections requiring a reversal of the judgment.

The assignment of error is dismissed and the judgment is affirmed.