## Kerr, Appellant, *v.* Culver.

*Affidavit of defense—Bond—Practice, C. P.*

Where in an action on a bond and an agreement accompanying the same, the defendants file an affidavit of defense denying absolute liability, averring that the transaction involved only a conditional guaranty, and setting up matters dehors the instruments, which matters, they averred, in equity and good conscience relieved them from answerability, the court will not on a rule for judgment attempt to construe the instruments, but will permit the case to proceed to trial, so that the whole transaction may be investigated.

Argued March 25, 1904. Appeal, No. 11, Jan. T., 1904, by plaintiff, from order of C. P. No. 2, Phila. Co., June T., 1903, No. 1924, discharging rules for judgment for want of a sufficient affidavit of defense in case of Samuel T. Kerr v. Frederick F. Culver, David R. Locher, Patrick Ross, Andrew J. Toomey and Charles K. Hannan. Before DEAN, FELL, MESTREZAT, POTTER and THOMPSON, JJ. Affirmed.

Assumpsit on a bond.

Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Supreme Court states the case.

*Error assigned* was order discharging rule for judgment for want of a sufficient affidavit of defense.

*Joseph De F. Junkin,* with him *J. B. Kinley,* for appellant.

*Reynolds D. Brown,* with him *Malcolm Lloyd, Jr.,* and *Charles H. Burr, Jr.,* for appellees.

PER CURIAM, April 11, 1904:

The plaintiff brought suit against defendants in the court below on a bond in the sum of $50,000 with interest, which he averred was due and payable to him by the terms of a certain agreement accompanying the bond. The defendants filed affidavits of defense in which they denied absolute liability on the bond, averring that it was only a conditional guarantee to pay in case of loss by plaintiff in certain business transactions, and further they set up matters dehors the instruments, which they averred, in equity and good conscience, relieved them from answerability. Plaintiff took rules for judgment for want of sufficient affidavits of defense. The court discharged the rules without opinion. Two questions are raised, first, whether the bond is an absolute unconditional promise to pay, and second, whether the facts, which the defendants aver their ability to prove, would constitute a sufficient defense to the whole or any part of the obligation. If the right to recover depended solely on a construction of the writings it would be our duty to dispose of the case as it now appears before us, but on the facts set out in the affidavits that question is not clear. It may be clear to the court below after it hears the testimony, but we will not prejudge its opinion by any discussion of the averred facts at this stage of the proceedings. We are of opinion that the issue should proceed to trial, because only after that trial can we satisfactorily review it.

The decree is affirmed.