GALLICE et al. v. CRILLY.

(Circuit Court, E. D. Pennsylvania. January 24, 1905.)

No. 34.

NOTES—ACTION AGAINST ACCOMMODATION INDORSER—MOTION FOR JUDGMENT ON PLEADINGS.

Where, in an action against an accommodation indorser, the affidavit of defense sets up a written contract to which plaintiff was a party, pursuant to which the indorsement was made, and under which its enforcement was optional with plaintiff, together with facts dehors the record tending to show an election not to enforce it, the court will not undertake to construe the contract, or determine its effect upon the defendant's liability, on a rule for judgment, but will permit the case to proceed to trial, that the entire transaction may be shown.

At Law. On motion for judgment for want of a sufficient affidavit of defense.

Beck & Robinson, for plaintiffs.

Thomas R. Elcock and John G. Johnson, for defendant.

HOLLAND, District Judge. This is a motion for judgment for want of a sufficient affidavit of defense to a claim of $2,501.42, with interest from the 14th day of April, 1903, at the rate of 3 per cent. per annum, upon a note made by Du Vivier to the defendant, dated April 14, 1903, and due May 14, 1904, which note was indorsed to the order of Gallice & Co. by the defendant, and, when due, Du Vivier failed to pay the same. Suit was instituted for the recovery of the amount of the said note, together with protest, against the defendant, the accommodation indorser. The defense set forth in the affidavit filed by the defendant is (1) that the note is signed by "Du Vivier," and not by "Du Vivier & Company," as recited in the statement, without any allegation that Du Vivier & Co. traded under such a name, or assumed any liability by virtue of such a signature; (2) that Charles A. Du Vivier, one of the firm of Du Vivier & Co., for which defendant indorsed certain promissory notes on April 14, 1903, has since died, and before the bringing of this suit; (3) that no consideration whatever passed to the defendant from either Du Vivier & Co. or the plaintiffs for said indorsement, it being well known to the plaintiffs that defendant was simply an accommodation indorser.

The affidavit of defense refers to a certain agreement entered into between the plaintiffs, Du Vivier, and the defendant, wherein it appears that Du Vivier & Co. were indebted to the plaintiffs in the sum of $471,926. The defendant was also a creditor of Du Vivier & Co., but for a much less amount. Du Vivier & Company's assets were not more than $251,054. It was agreed that the plaintiffs would take 29 notes, each for the sum of $2,500, dated April 14, 1893, one of which was payable to the plaintiffs on the 14th of each succeeding month, making a total of $75,000, all of which were to be, and in fact were, made payable to the defendant, and by him indorsed to the plaintiffs, and, when paid, to be in satisfaction of the entire claim of the plaintiffs against Du Vivier; and "it was

stipulated in this agreement that, if the said notes were all paid at maturity, then the plaintiffs would execute and deliver a general release of said indebtedness of said sum of four hundred and seventy-one thousand nine hundred and twenty-six dollars ($471,926), but, in case of default in the payment of any of the said notes, the whole of the said debt, with interest (less any payments made in pursuance of the said agreement, and any collections by legal proceedings or otherwise made upon any of said notes), should become due and payable forthwith." It is further alleged in the affidavit of defense that the first four notes falling due were paid by Du Vivier & Co., but since that time seven more of said notes have matured and not been paid, upon which no notice of nonpayment by Du Vivier & Co., was given to the defendant, nor had the defendant received notice of protest of these notes; showing that the plaintiffs did not at the time contemplate holding defendant liable on the same. It is further stated that one of the reasons for the specific terms, as defined in the agreement, was that in the event of the failure of Du Vivier & Co. to pay the notes at maturity, and bankruptcy following as a consequence, the plaintiffs anticipated a recovery as dividends from the bankrupt's estate on the whole of said indebtedness of an amount exceeding the compromise sum or the amount of the notes indorsed therefor by the defendant. Upon this affidavit of defense, it is alleged that at the maturity of a number of these notes the action of the plaintiffs was such as to indicate that their intention was not to hold the defendant upon his indorsement, but to look to the original debtor for a recovery of the entire amount, or so much thereof as the assets of the Du Vivier & Co.'s estate might pay in case of bankruptcy or otherwise. The notes are made to defendant, and by him indorsed to plaintiff. If the defendant's liability depended alone on his indorsement, the case would be comparatively easy of solution, but the transaction is accompanied by an agreement which must be considered in connection with the notes. The construction of this agreement, and its effect on the defendant's liability as indorser on the notes, is, no doubt, for the court; but in cases like this, where facts and circumstances dehors the instruments are involved and set up, they frequently are important in order to enable the court to properly construe them— not to alter their terms, but to properly understand them. In Kerr v. Culver, 209 Pa. 14, 57 Atl. 1105, a similar case, the court held:

"Where, in an action on a bond and an agreement accompanying the same, the defendants file an affidavit of defense denying absolute liability, averring that the transaction involved only a conditional guaranty, and setting up matters dehors the instruments, which matters, they averred, in equity and good conscience, relieved them from answerability, the court will not, on a rule for judgment, attempt to construe the instruments, but will permit the case to proceed to trial, so that the whole transaction may be investigated."

Motion for judgment for want of a sufficient affidavit of defense is overruled.