## Judge, Appellant, *v.* Pyle.

*Trusts and trustees—Declaration of trust—Individual liability of trustee—Affidavit of defense.*

Where a person purchases a coal mine at sheriff's sale and executes a declaration of trust by which he declares that he holds the property to operate the same, and to pay three creditors of the defendant in the execution, out of the profits, and as to one of the creditors if the profits are not sufficient to pay him in four months, to pay him in full on a day stated, and such creditor sues the trustee to hold him individually liable, no profits having been realized, an affidavit of defense by the trustee is sufficient to prevent judgment if it contains an unequivocal

averment that at the time the trustee executed the paper, it was understood and agreed by and between the plaintiff and himself that he was not to become individually liable from his individual property, but only as trustee from the trust funds arising and coming into his hands.

Argued Feb. 25, 1909. Appeal, No. 31, Jan. T., 1909, by plaintiff, from order of C. P. Lackawanna Co., March T., 1908, No. 669, discharging rule for judgment for want of a sufficient affidavit of defense in case of John J. Judge v. G. A. Pyle. Before Fell, Brown, Potter, Elkin and Stewart, JJ. Affirmed.

Rule for judgment for want of a sufficient affidavit of defense.    Before Carpenter, J.

The facts appear by the opinion of the Supreme Court.

The court discharged the rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*P. L. Walsh*, for appellant, cited: Cambridge & Co. v. O'Callaghan, 27 Pa. Superior Ct. 199; Savings Bank Co. v. Trust Co., 210 Pa. 320.

*John F. Scragg*, with him *J. E. Brennen*, for appellee.

Opinion by Mr. Justice Brown, April 19, 1909:

On October 4, 1907, G. A. Pyle, the appellee, purchased at sheriff's sale the personal property of W. L. Barton. On the following day he executed the paper under which the appellant claims judgment against him for $1,700 with interest from February 10, 1908. The affidavit of defense to the claim was deemed sufficient, and from the discharge of the rule for judgment we have this appeal.

The paper executed by Pyle recites that Barton was indebted to Judge, the appellant, in the sum of $1,700 and to other parties in amounts not named, and that the property of Barton, sold by the sheriff and purchased by Pyle, was held by him in trust for the following purposes: "That the said mine

and breaker are to be operated under my management and control, work to be begun at once; that from the net monthly profits, I shall pay and hold myself responsible to pay towards the liquidation of the present indebtedness the following amounts: To the wage claims held by John J. Judge, assignee, twenty-five per cent. (25) of said profits, until the whole amount now due said John J. Judge, assignee, is fully paid; and, if the profits are not sufficient to pay the amount due said John J. Judge in four months from the date hereof, I further agree to pay in full the said amount of claim held by said John J. Judge on February 10, A. D. 1908; and twenty-five per cent. (25) of said net profits to be paid monthly towards the liquidation of the claim of Charles H. Forbach until said claim is fully paid; and twenty-five per cent. (25) of said net profits to be paid monthly towards liquidation of the claim of G. A. Pyle, until the same is fully paid; the balance of twenty-five per cent. (25) to be paid into a reserve fund for the purpose of liquidating all indebtedness now of record against said W. L. Barton until the same is fully paid; and I do further admit and declare that the residue and remainder remaining in my hands after all the foregoing indebtedness is fully paid, together with expenses of management shall be paid over to said W. L. Barton."

The claim of the appellant is that, under the foregoing declaration, Pyle became personally indebted to him in the sum of $1,700 on February 10, 1908, as he had not received up to that time anything on account of his claim out of the profits of the business.

The paper executed by Pyle is, on its face, a declaration of trust, but the suit on it against him is not for the recovery of anything due by him as trustee. It is to enforce an alleged individual liability incurred by him under the clause which provides that if the net profits of the business conducted by him as trustee should be insufficient to pay the claim of Judge on February 10, 1908, he would pay that indebtedness. The unequivocal averment in the affidavit of defense is that, at the time the defendant executed the paper, it was understood and agreed by and between the plaintiff and himself that he

was not to become individually liable from his individual property, but only as trustee from the trust funds arising and coming into his hands from the Barton Coal Company. This is not inconsistent with the whole tenor of the paper, and the single clause upon which the appellant relies is not to be read apart from the context as constituting an absolute personal obligation of Pyle. If he can prove on the trial what he sets up in his affidavit of defense, the plaintiff ought not, in equity and good conscience, to recover. The court below correctly held that, on the whole record, his right to judgment is not clear, and, under Kerr v. Culver, 209 Pa. 14, the rule for it was properly discharged.

Appeal dismissed and record remitted for further proceedings.